Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# OPINION

No. 04-11-00150-CR

Sonny Ray **BYRNE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR2709
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:  November 16, 2011

AFFIRMED

Appellant Sonny Ray Byrne was charged with sexual assault of a child under section 22.011(a)(2)(A) of the Texas Penal Code, Texas's strict liability child sexual assault provision (the statutory rape statute).  After the trial court denied his pre-trial motion to quash the indictment, which challenged the constitutionality of the statute under the due process clause of the United State Constitution and due course of law under the Texas Constitution, Byrne pled *nolo contendere* to the charge.  The court sentenced him to seven years confinement in the Texas

Department of Criminal Justice–Institutional Division, and assessed a fine of $1,500.00. On appeal, Byrne contends the trial court erred in denying his motion to quash because the statute does not have a *mens rea* requirement and does not permit the affirmative defense of mistake of fact, rendering it constitutionally infirm.[1] We affirm the trial court's judgment.

## BACKGROUND

A detailed rendition of the facts is unnecessary for our disposition of the appeal. Accordingly, we will provide only a brief factual statement for context and as necessary for resolution of Byrne's point of error.

The stipulated facts establish Byrne had consensual sex with the fourteen-year-old female complainant in the back of his car outside a movie theater. The complainant admitted she called Byrne and asked him to come to the theater. She also admitted they had sex on other occasions. An outcry witness ultimately contacted the authorities and told them Byrne had sex with the complainant.

After an investigation, Byrne was arrested and indicted for sexual assault of a child under the statutory rape provision. Before trial, Byrne filed a motion to quash the indictment, contending section 22.011(a)(2)(A) violates his rights under the United States and Texas Constitutions because of its failure to require the State to prove he had a culpable mental state relating to the victim's age, thereby precluding Byrne from asserting the affirmative defense of mistake of fact, i.e., that he reasonably believed the complainant was seventeen years of age or older. After a hearing, the trial court denied the motion to quash. Thereafter, Byrne pled *nolo contendere*, was sentenced, and then perfected this appeal.

---

[1] Byrne pleaded *nolo contendere* and was sentenced in accordance with a plea bargain agreement with the State, which would generally preclude his right to appeal. *See* TEX. R. APP. P. 25.2(a)(2). However, Byrne has the right to appeal because he filed a written pretrial motion to quash that was ruled on before trial. *See id.* R. 25.2(a)(2)(A).

## ANALYSIS

In his appeal, Byrne contests the constitutionality of section 22.011(a)(2)(A) of the penal code, i.e., strict liability statutory rape statute, under the state due course of law and federal due process provisions. He also contends section 6.02 of the Texas Penal Code imposes a *mens rea* component on section 22.011(a)(2)(A).

To sustain a conviction under the statute, the State must prove beyond a reasonable doubt that the defendant "intentionally or knowingly cause[d] the penetration of the anus or sexual organ of a child by any means." TEX. PENAL CODE ANN. § 22.011(a)(2)(A). A "child" under this statute is defined as any "person younger than 17 years of age." *Id*. at § 22.011(c)(1). The statute does not require the State to prove a culpable mental state with regard to the victim's age and does not provide for the related affirmative defense of mistake of fact.

Generally, to challenge the constitutionality of a statute on both state and federal grounds an appellant must specifically raise each issue at trial and present a separate argument on state and federal grounds in the appellate brief. *Pena v. State*, 285 S.W.3d 459, 463-64 (Tex. Crim. App. 2009); *see also* TEX. R. APP. P. 33.1(a)(2). Byrne raised both due course of law and due process objections to the indictment in the trial court. Although his brief is less than a model of clarity, given the recent decision by the court of criminal appeals in *Fleming v. State*,[2] we will review Byrne's challenge to the statute under both the state and federal constitutions. 341 S.W.3d 415 (Tex. Crim. App. 2011).

---

[2] The court vacated a Fort Worth Court of Appeals decision holding that an appellant failed to preserve both a state and federal challenge to section 22.021 of the Texas Penal Code. *Fleming*, 341 S.W.3d at 416. The court of criminal appeals remanded the matter to the court of appeals for a determination as to whether section 22.021 violates the appellant's due course of law rights. *Id*.

***Standard of Review***

We review *de novo* a trial court's denial of a motion to quash an indictment. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2002). Questions concerning the constitutionality of a criminal statute are likewise reviewed *de novo*. *Lawson v. State*, 283 S.W.3d 438, 440 (Tex. App.—Ft. Worth 2009, pet. ref'd); *Owens v. State*, 19 S.W.3d 480, 483 (Tex. App.—Amarillo 2000, no pet.); *State v. Salinas*, 982 S.W.2d 9, 10–11 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd).

***Facial Challenge to Statute***

Although he does not specify the type of challenge he is asserting, we construe Byrne's complaint as a facial challenge to the constitutional validity of section 22.011(a)(2)(A). A facial challenge is the most difficult to prove because the challenger must demonstrate that "no set of circumstances exists under which the statute will be valid." *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992). Byrne may not present any evidence to support his claim, and we must consider only the language of the statute when making our determination. *See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908–09 (Tex. Crim. App. 2011).

We presume "the statute is valid and that the Legislature has not acted unreasonably or arbitrarily." *Rodriguez v. State*, 93 S.W.3d. 60, 69 (Tex. Crim. App. 2002); *see also* TEX. GOV'T CODE. ANN. § 311.021 (West 2005) (codifying Legislature's intent that all statutes comply with state and federal constitutions). The burden thus rests on Byrne to establish the statute's constitutional infirmity. *See Rodriguez*, 93 S.W.3d. at 69. The proof must be sufficient to overcome our duty to uphold a statute so long as any reasonable construction renders it constitutional. *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. 1979).

### *Dual Analysis of State and Federal Constitutional Questions*

When presented with both a due course of law and due process challenge to the validity of a penal statute, we must conduct a dual and independent analysis to determine the level of protection provided by each. *Heitman v. State*, 815 S.W.2d 681, 686–88 (Tex. Crim. App. 1991). The Texas Constitution may grant protections to its citizens that are "lesser, greater, or the same as those of the federal constitution" and it is incumbent upon us to ascertain this level of protection independently of federal considerations. *Hulit v. State*, 982 S.W.2d 431, 436–37 (Tex. Crim. App. 1998); *Heitman*, 815 S.W.2d at 687–88. Although United States Supreme Court precedent controls decisions concerning federal due process, state courts nevertheless rely on local law when determining the nature and extent of Texas due course of law protection. *Hulit*, 982 S.W.2d at 437. To be valid, the challenged statute must satisfy the state's due course of law requirements while not descending below the minimum threshold established by due process. *Id*.

### *Texas Constitution*

Byrne asserts the strict liability statutory rape statute violates his due course of law rights under Article 1, sections 10 and 19 of the Texas Constitution. Section 10 provides that "[i]n all criminal prosecutions the accused . . . shall have the right to demand the nature and cause of the accusation against him." TEX. CONST. art. 1 § 10. Section 19 states that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." *Id*. at § 19.

We are not persuaded that the absence of a *mens rea* requirement for section 22.011(a)(2)(A) renders the statute unconstitutional under the Texas Constitution. On the contrary, the Legislature has discretion to "define and punish any act as a crime." *Ex parte*

*Smith*, 441 S.W.2d 544, 547 (Tex. Crim. App. 1969). It may also create strict liability crimes when there is an "overriding governmental interest in promoting the health, safety and welfare of its citizens." *Dubuisson v. State*, 572 S.W.2d 694, 699 (Tex. Crim. App. 1978).

In *Vasquez v. State*, the court of criminal appeals determined that strict liability imposed for statutory rape under the now repealed section 21.09 of the Texas Penal Code was constitutional. 622 S.W.2d 864, 865 (Tex. Crim. App. 1981). Section 21.09 provided that "[a] person commits an offense if he has sexual intercourse with a female not his wife and she is younger than 17 years." *Id*. (citing TEX. PENAL CODE ANN. § 21.09(a)); *compare* TEX. PENAL CODE ANN. § 21.09(a) *with* § 22.011(a)(2)(A) ("[a] person commits an offense if the person . . . intentionally or knowingly . . . causes the penetration of the anus or sexual organ of a child by any means"). The court noted approvingly that section 21.09 did not require the State to show that appellant knew the victim's age. *Id*. The court also highlighted the Legislature's intent that section 21.09 deny the affirmative defense of mistake of fact concerning the victim's age. *Id*.

Subsequent decisions of the court consistently upheld strict liability crimes designed to protect children from certain offenses such as rape. *See, e.g., Zubia v. State*, 998 S.W.2d 226, 227 (Tex. Crim. App. 1999) (commenting that "criminal statutes focusing on child victims tend not to require scienter as to age"); *Johnson v. State*, 967 S.W.2d 848, 849 (Tex. Crim. App. 1998) (negating a requirement of knowledge concerning the victim's age as an element of rape or indecency with a child); *Roof v. State*, 665 S.W.2d 490, 492 (Tex. Crim. App. 1984) (highlighting Texas' general denial of a defense of ignorance or mistake in cases involving sexual offenses against children).

While neither this court nor the court of criminal appeals has applied the above precedent to section 22.011(a)(2)(A), several of our sister courts have consistently held it to be

constitutionally sound. In *Hicks v. State*, the Fourteenth Court of Appeals upheld section 22.011(a)(2)(A) against a due course of law challenge by an appellant convicted of sexually assaulting a fourteen-year-old girl. 15 S.W.3d 626, 631 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). A year later, the First Court of Appeals, in *Scott v. State*, overruled a federal due process challenge against section 22.011(a)(2)(A), finding the provision furthered a legitimate state interest and did not offend any fundamental individual right. 36 S.W.3d 240, 241-42 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). In *Medina v. State*, the Seventh Court of Appeals determined section 22.011(a)(2)(A) survived scrutiny under the equal protection clause and acknowledged that the State "has a compelling interest in protecting its children from the reprehensible conduct of adults." 986 S.W.2d 733, 736 (Tex. App.—Amarillo 1999, pet. ref'd).

Based on the foregoing, we hold section 22.011(a)(2)(A) is not constitutionally infirm under the Texas due course of law provisions. Strict liability sex crimes are a valid exercise of the state's authority and rationally support a legitimate state interest. We therefore overrule Byrne's claim that his rights under the Texas Constitution's due course of law provisions render section 22.011(a)(2)(A) unconstitutional.

### *United States Constitution*

Byrne also contends section 22.011(a)(2)(A) violates his substantive federal due process rights because the State did not have to prove beyond a reasonable doubt that he had a culpable mental state concerning his victim's age. Byrne claims this action violated a fundamental right prohibiting his conviction without first affording him an opportunity to rebut or explain evidence presented against him, i.e., the failure to allow a mistake of fact defense with respect to the victim's age. We disagree.

Substantive due process serves to prevent the arbitrary and capricious infringement upon a person's constitutionally protected individual rights. *Foucha v. Louisiana*, 504 U.S. 71, 79-80 (1992). Generally, a statute will satisfy due process guarantees so long as it "bear[s] some reasonable relation to the purpose for which" it was conducted. *Id*. at 79. If an individual right is deemed fundamental, however, substantive due process precludes the government from infringing upon it "at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 301–02 (1993).

The United State Supreme Court has long recognized that for statutory rape crimes, public policy may dictate that one who would perform sex acts with a minor "shall do them at his peril and will not be heard to plead in defense good faith or ignorance." *United States v. Balint*, 258 U.S. 250, 252 (1922) (quoting *Shevlin-Carpenter Co. v. Minnesota*, 218 U.S. 57, 70 (1910)). In *Morissette v. United States*, although establishing the rule that guilt of a criminal act generally requires a culpable mental state, the Court nevertheless recognized that strict liability sex crime statutes designed to protect children were among the exceptions to this general rule. 342 U.S. 246, 250–51 n.8 (1952). The Court held the absence of a *mens rea* requirement in such statutes did not render them unconstitutional. *Id*. at 251 n.8. Five years later, in *Lambert v. California*, the Court elaborated, stating "conduct alone without regard to the intent of the doer is often sufficient," and that legislators may create a criminal offense by statute and "exclude elements of knowledge and diligence from its definition." 355 U.S. 225, 228 (1957). This exclusion of scienter is warranted when the "interest of the larger good" demands the imposition of strict liability on those "standing in responsible relation to a public danger" who may prevent the public harm from occurring. *United States v. Dotterweich*, 320 U.S. 277, 280–81 (1943).

Congress incorporated this principle into the United States Code wherein it expressly provided "the Government need not prove that the defendant knew" the age of his victim when prosecuting statutory rape crimes. *See* 18 U.S.C. §§ 2241(d), 2243(d) (2007). The circuit courts have consistently held this type of strict liability rape statute to be constitutional. *See, e.g.*, *United States v. Wilcox*, 487 F.3d 1163, 1174 (8th Cir. 2007) (noting statutory rape as recognized exception to general requirement of *mens rea*); *United States v. Brooks*, 841 F.2d 268, 269 (9th Cir. 1998) (commenting that "statutory rape . . . was created by an ancient English statute . . . " and is "old enough to be a part of the common law of this country"); *United States v. Ransom*, 942 F.2d 775, 777 (10th Cir. 1991) (explaining that statutory rape offenses have since "ancient times . . . afforded special protection to those deemed too young to understand the consequences of their actions"); *Nelson v. Moriarty*, 484 F.2d 1034, 1035 (1st Cir. 1973) (stating that Supreme Court has never struck down statutory rape provision due to absence of *mens rea* concerning victim's age); *United States v. Mack*, 112 F.2d 290, 292 (2d Cir. 1940) (pointing out that it is "well settled in cases of rape that ignorance [of the victim's age] is no excuse").

Based on the foregoing, we overrule Byrne's contention that section 22.011(a)(2)(A) violates substantive due process under the United States Constitution. We hold the statute is not arbitrary and capricious because it serves a reasonable state interest by protecting children from sexual assault. We further hold the statute does not violate a fundamental right because the federal constitution grants neither a fundamental right to have sex with minors, nor an absolute prohibition against strict liability criminal statutes. On the contrary, when it comes to protecting children from sexual abuse, federal courts have consistently held strict liability penal statutes to be valid exercises of state power. *Morissette*, 342 U.S. at 250–51 n.8; *Ransom*, 942 F.2d at 777.

### *Section 6.02 of the Penal Code*

Finally, Byrne contends section 6.02 of the penal code requires the State to prove he knew the victim's age, i.e., it imposes a *mens rea* requirement upon section 22.011(a)(2)(A).  We disagree.

We begin by noting that Byrne waived error with regard to this contention by failing to raise it in the trial court.  *See* TEX. R. APP. P. 33.1(a); *McLean v State*, 312 S.W.3d 912, 915 (Tex. App.—Houston [1st Dist.] 2010, no pet.).  It is well established that nearly every right may be waived when a party fails to object.  *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002).  However, even if Byrne had not waived his complaint, we would find it unmeritorious.

Section 6.02(b) states that "if the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element."  TEX. PENAL CODE ANN. § 6.02(b).  According to Byrne's argument, section 6.02 requires the State to prove he knew his victim's age and provides for the affirmative defense of mistake of fact.  Byrne is incorrect.

In *Johnson v. State*, the court of criminal appeals upheld strict liability under a criminal statute designed to prevent indecency with a child.  967 S.W.2d 848, 849 (Tex. Crim. App. 1998).  The court noted that "in cases involving the sexual assault of a child . . . the State is not required to show that appellant knew the victim to be younger than 17 years of age."  *Id.*  The concurring opinion in *Johnson* clearly demonstrates the court was fully aware of section 6.02 when it refused to require *mens rea* with respect to the victim's age.  *Id*. at 851–54 (Price, J., concurring) (stating that section 6.02 will not require *mens rea* where a strict liability criminal statute is silent on the matter if the Legislature intended otherwise).  The majority of the court in

*Johnson*, relied upon "case law and legislative tradition" to conclude that the omission of *mens rea* as an element of a strict liability sex crime against children was intentional. *Id*. at 849–50.

The Fourteenth Court of Appeals noted that section 6.02 has been "virtually unchanged since 1974" and that the court of criminal appeals has consistently upheld strict liability sex crimes notwithstanding its existence. *Grice v. State*, 162 S.W.3d 641, 646–47 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

In *Aguirre v. State*, the court of criminal appeals provided two justifications for not applying section 6.02 to other penal statutes such as section 22.011(a)(2)(A). 22 S.W.3d 463, 473–75 (Tex. Crim. App. 1999). First, the court noted that when the Legislature requires *mens rea* in one section of a statute but subsequently omits the requirement in another section of the same provision, it is likely the Legislature intended the omission. *Aguirre*, 22 S.W.3d at 473. And second, the court explained that certain common law prohibitions such as crimes against children are widely known exceptions to the general rule that criminal convictions require proof of *mens rea*. *Id*. at 475.

Accordingly, we find no precedent supporting the claim that section 6.02 of the penal code requires a *mens rea* component in section 22.011(a)(2)(A). We therefore overrule Byrne's contention.

## CONCLUSION

Based on the foregoing, we reject Byrne's assertion that the absence of a *mens rea* requirement in section 22.011(a)(2)(A) of the Texas Penal Code renders the statute unconstitutional. As recognized by numerous state and federal courts, protection of minors from the improper sexual advances of adults is clearly a valid concern of our society and the government may impose strict liability statutes to discourage the practice. Having failed to meet

his burden to prove otherwise, we hold that section 22.011(a)(2)(A) does not violate Byrne's state or federal constitutional rights. We further hold section 6.02 does not mandate a *mens rea* requirement in section 22.011(a)(2)(A). Accordingly, we overrule Byrne's point of error and affirm the trial court's judgment.

Marialyn Barnard, Justice

Publish