

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00486-CR

Darryl **LATHAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 362nd District Court, Denton County, Texas
Trial Court No. F-2010-1164-D
The Honorable Robert Bruce McFarling, Judge Presiding

Opinion by: Catherine Stone, Chief Justice

Sitting: Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: April 17, 2013

AFFIRMED

Darryl Lathan was charged with five counts of sexual assault of a child. A jury convicted Lathan of only one count. On appeal, Lathan contends the trial court erred in: (1) admitting the testimony of a sexual assault nurse examiner; and (2) denying his motion to quash the indictment. We affirm the trial court's judgment.

### TESTIMONY OF SEXUAL ASSAULT NURSE EXAMINER

Lathan objected to the admissibility of testimony by Lucrecia Delawter, a sexual assault nurse examiner, regarding the facts of the alleged sexual assaults, asserting the testimony was

hearsay. Although the trial court excluded references to Lathan's name in the testimony and limited the parameters of the admissible testimony, the trial court overruled the remainder of the objection. On appeal, Lathan contends the trial court abused its discretion in admitting the testimony because the State failed to lay the proper foundation for its admission.

Although hearsay testimony is generally inadmissible, statements made for purposes of medical diagnosis or treatment are admissible as an exception to this rule. TEX. R. EVID. 803(4). "In determining whether a trial court erred in admitting or excluding hearsay evidence under such an exception to the hearsay rule, a reviewing court looks to see whether the trial court clearly abused its discretion; before the reviewing court may reverse the trial court's decision, it must find the trial court's ruling was so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

In order for evidence to be properly admissible under this exception to the hearsay rule, the State, as the proponent of the evidence, was required to show that the complainant was aware that the statements she was making to Delawter were being made for purposes of medical diagnosis or treatment. *Id*. at 589. In addition, the State had to establish that the complainant was aware that her proper diagnosis or treatment was dependent on the veracity of her statements. *Id*. Stated differently, in the context of this case, the State was required "to make the record reflect both: [1] that truth-telling was a vital component of the particular course of therapy or treatment involved; and [2] that it [was] readily apparent that the child-declarant was aware that this was the case." *Id*. at 590. In addition, the State was required to establish that the particular statement proffered was pertinent to treatment by showing it was "reasonable for the

therapist to rely on the particular information contained in the statement in treating the declarant."[1]  *Id*. at 591.

When the State called Delawter to testify, defense counsel requested a hearing outside the presence of the jury to obtain a ruling on the admissibility of her testimony.  At this hearing, Delawter stated that she did not find any trauma in examining the complainant, but she also stated that the absence of such evidence was "consistent with her history."  Delawter explained that the examination occurred on February 17, 2010, while the assault occurred in July of 2009.  As a result, the complainant's physical examination was consistent with an assault that occurred over six months before the examination.  Delawter admitted that without the history reported by the complainant, she would have been unable to form any conclusions about whether a sexual assault had occurred.

With regard to obtaining a history from the complainant regarding what had occurred, Delawter stated that obtaining the history is standard procedure, and the purpose for obtaining the history is for the diagnosis and treatment of potential or actual health problems.  Delawter explained that the history helps her to focus her physical examination.  Delawter stated that how the assault occurred and the description of where the complainant was physically in relation to the perpetrator guides her in locating where she could see trauma or healed trauma.  Delawter further stated that the history of which parts of the body made contact also is medically necessary in guiding her exam and determining whether consideration must be given to sexually transmitted diseases.  Delawter stated that the complainant in the instant case was aware that she was a sexual assault nurse examiner and knew the purpose of the examination.  Delawter

---

[1] Because the trial court excluded any references to Lathan's name from Delawter's testimony, we need not consider the additional showing that is required when the statement from the child-declarant reveals the identity of the perpetrator. *Id*. at 591.

informed the complainant that they were going to discuss exactly what happened and then Delawter would conduct a physical examination of her.

At the conclusion of the hearing, the trial court ruled that only the complainant's descriptions of the actual contact was admissible, not details regarding the location of the assaults, the actions preceding the assaults, or statements made by Lathan during the assaults. The trial court also ruled that testimony by Delawter regarding Lathan's identity was not admissible.

During her testimony at trial, Delawter again explained that obtaining a history from the victim is important to "formulate and know whether there are actual or potential health issues involved and what to do for them." Delawter again stated that the history helps her focus her exam. In obtaining the history, Delawter explained that the complainant was asked to describe in her own words what happened to her and how it happened. Delawter then described the sexual contact between the complainant and Lathan within the parameters established by the trial court.

Having reviewed the record, we conclude that the trial court did not abuse its discretion in admitting Delawter's testimony. Delawter testified that the complainant was informed about the purpose for the exam and the process of the exam. Delawter testified that the complainant understood the physical examination was being performed because of what happened to her. Regarding the complainant's awareness that her diagnosis and treatment were dependent on the veracity of her statements, the Texas Court of Criminal Appeals has instructed that in the context of a "physician's cold examination table," "it seems only natural to presume that adults, and even children of a sufficient age or apparent maturity, will have an implicit awareness that the doctor's questions are designed to elicit accurate information and that veracity will serve their best interest." *Taylor*, 268 S.W.3d at 589. In this case, the complainant was sixteen-years-old at the time Delawter examined her, and Delawter explained the entire process to her before obtaining

the history of what happened. Accordingly, the trial court did not abuse its discretion in inferring that the complainant had an implicit awareness that her examination was dependent on the veracity of her statements. *See id.* Finally, Delawter also testified regarding the manner in which the history guides her examination and the reasons the history was pertinent to her medical examination. Accordingly, the trial court did not abuse its discretion in concluding that a proper predicate was laid for the admission of Delawter's testimony.

## CONSTITUTIONALITY OF SECTION 22.011

In his second issue on appeal, Lathan asserts the trial court erred in denying his motion to quash the indictment. In his motion, Lathan challenged the constitutionality of section 22.011 of the Texas Penal Code because it does not contain a *mens rea* element, requiring the State to prove that the defendant knew the victim was under the age of 17. We undertake a de novo review of a trial court's denial of a motion to quash and of questions concerning the constitutionality of a criminal statute. *Byrne v. State*, 358 S.W.3d 745, 748 (Tex. App.—San Antonio 2011, no pet.).

Both this court and the appellate court from which this appeal was transferred have recently rejected the same arguments Lathan raises in the instant appeal with regard to the constitutionality of section 22.011. *See Fleming v. State*, 376 S.W.3d 854, 857–62 (Tex. App.—Fort Worth 2012, pet. granted); *Byrne v. State*, 358 S.W.3d at 748–51. As this court explained in *Byrne*, "We are not persuaded that the absence of a *mens rea* requirement for section 22.011(a)(2)(A) renders the statute unconstitutional under the Texas Constitution." 358 S.W.3d at 749. "Strict liability sex crimes are a valid exercise of the state's authority and rationally support a legitimate state interest." *Id*. at 750. With regard to a federal due process argument, this court concluded, "We hold the statute is not arbitrary and capricious because it serves a reasonable state interest by protecting children from sexual assault. We further hold the statute

- 5 -

does not violate a fundamental right because the federal constitution grants neither a fundamental right to have sex with minors, nor an absolute prohibition against strict liability criminal statutes. On the contrary, when it comes to protecting children from sexual abuse, federal courts have consistently held strict liability penal statutes to be valid exercises of state power." *Id*. at 751.

We recognize that the Texas Court of Criminal Appeals has granted review in *Fleming* of issues similar to those raised by Lathan in this appeal. Until the precedent established in *Fleming* and *Byrne* is reversed, however, we will continue to follow our existing precedent.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH