

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00134-CR

Shaun Eric **BRANSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR12604
Honorable Ron Rangel, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  June 12, 2013

AFFIRMED

Shaun Eric Branson was charged with sexual assault of a child pursuant to section 22.011(a)(2) of the Texas Penal Code. After a jury trial, Branson was found guilty and sentenced to five years confinement. Prior to trial, however, Branson filed a motion to set aside the indictment. In his motion, Branson contended that section 22.011 is unconstitutional under both the federal and state constitutions because (1) it does not require the State to prove that Branson knew or should have known the complainant was under seventeen years of age at the time of the alleged offense, and (2) it does not recognize an affirmative defense based upon such a

reasonable belief. The trial court denied the motion to set aside the indictment. It is this ruling upon which Branson bases this appeal.

We review a trial court's denial of a motion to quash an indictment de novo. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007).

In a recent opinion from this court, *Byrne v. State*, 358 S.W.3d 745, 747 (Tex. App.—San Antonio 2011, no pet.), the appellant made the same argument on appeal that Branson makes — "the trial court erred in denying his motion to quash because the statute does not have a *mens rea* requirement and does not permit the affirmative defense of mistake of fact, rendering it constitutionally infirm." In *Byrne*, we rejected the appellant's contention and affirmed the trial court's judgment. And, even more recently, this court again considered the same issue in a case that was transferred from the Fort Worth Court of Appeals, *Lathan v. State*, No. 04-12-00486-CR, 2013 WL 1641166 (Tex. App.—San Antonio Apr. 17, 2013, no pet. h.). In affirming the trial court's judgment, we stated the following:

> Both this court and the appellate court from which this appeal was transferred have recently rejected the same arguments Lathan raises in the instant appeal with regard to the constitutionality of section 22.011. *See Fleming v. State*, 376 S.W.3d 854, 857-72 (Tex. App.—Fort Worth 2012, pet. granted); *Byrne*, 358 S.W.3d at 748-51. As this court explained in *Byrne*, "We are not persuaded that the absence of a *mens rea* requirement for section 22.011(a)(2)(A) renders the statute unconstitutional under the Texas Constitution." 358 S.W.3d at 749. "Strict liability sex crimes are a valid exercise of the state's authority and rationally support a legitimate state interest." *Id.* at 750. With regard to a federal due process argument, this court concluded, "We hold the statute is not arbitrary and capricious because it serves a reasonable state interest by protecting children from sexual assault. We further hold the statute does not violate a fundamental right because the federal constitution grants neither a fundamental right to have sex with minors, nor an absolute prohibition against strict liability criminal statutes. On the contrary, when it comes to protecting children from sexual abuse, federal courts have consistently held strict liability penal statutes to be valid exercise of state power." *Id.* at 751. We recognize that the Texas Court of Criminal Appeals has granted review in *Fleming* of issues similar to those raised by Lathan in this appeal. Until the precedent established in *Fleming* and *Byrne* is reversed, however, we will continue to follow our existing precedent.

*Lathan*, 2013 WL 1641166, at *3. Similarly, here, we follow our existing precedent and overrule Branson's issues on appeal.

**CONCLUSION**

Based on the above authorities, we affirm the trial court's judgment.

Karen Angelini, Justice

Do not publish