

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00490-CR

Cirilo **AVILES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR9545
The Honorable Angus K. McGinty, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
    Sandee Bryan Marion, Justice
    Marialyn Barnard, Justice

Delivered and Filed:  July 9, 2014

AFFIRMED

In a single issue on appeal, appellant asserts the trial court erred by refusing his request to instruct the jury on the defense of "mistake of fact."  We affirm.

### BACKGROUND

The State indicted appellant for aggravated sexual assault of a child under section 22.021 of the Texas Penal Code.  The relevant portion of the indictment alleged appellant "did intentionally and knowingly cause the penetration of the sexual organ of M.R., a child who was younger than fourteen years, by [appellant's] sexual organ."  During the jury charge conference,

the defense requested a mistake of fact instruction with respect to M.R.'s age, which the trial court denied. A jury subsequently found appellant guilty of aggravated sexual assault of a child under the age of fourteen, and the trial court assessed punishment at fifteen years' confinement.

## DISCUSSION

On appeal, appellant asserts he was entitled to a mistake of fact instruction with respect to M.R.'s age. Appellant acknowledges mistake of fact is not an applicable defense in offenses prosecuted under section 22.011 (sexual assault) and section 21.11 (indecency with a child) of the Texas Penal Code. However, appellant asserts that because he was prosecuted under section 22.021 (aggravated sexual assault), those cases holding that mistake of fact is not a defense do not apply to him. We disagree.

A person commits the offense of aggravated sexual assault if the person intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means if the victim is younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B) (West 2011). When a charge of any sexual offense against a child is made, mistake of fact or the accused's ignorance of the victim's age is not a defense. *See Black v. State*, 26 S.W.3d 895, 898–99 (Tex. Crim. App. 2000) ("Nor is mistake of fact with respect to the victim's age a defense to [sexual assault or aggravated sexual assault].") (citing *Vasquez v. State*, 622 S.W.2d 864, 866 (Tex. Crim. App. 1981)); *Byrne v. State*, 358 S.W.3d 745, 748–52 (Tex. App.—San Antonio 2011, no pet.) (addressing constitutionality of strict liability statutory rape statute and concluding mistake of fact defense does not apply). Recently, the Court of Criminal Appeals reaffirmed this position, stating:

> In prosecutions for sexual assault and aggravated sexual assault the defendant need not know that the victim is a child, and a child cannot consent to sexual acts. These are all strict liability offenses when it comes to child victims. Therefore, we have long held that even a very reasonable mistake of fact with respect to the child victim's age is not a defense to sex offenses.

*Ex parte Burns*, No. WR-69222-03, 2012 WL 243686, at *4 (Tex. Crim. App. Jan. 25, 2012) (mem. op., not designated for publication) (J. Cochran, concurring). Accordingly, we conclude appellant was not entitled to an instruction on the defense of mistake of fact. Therefore, we affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish