**Opinion filed December 19, 2014**



## In The

# Eleventh Court of Appeals

_____

## No. 11-12-00280-CR

_____

## ALEXANDER RUBIO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 18028B**

### M E M O R A N D U M   O P I N I O N

Alexander Rubio entered an open plea of "no contest" to the charge of sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.011(a)(2) (West 2011). The State offered into evidence a written stipulation of evidence wherein Appellant judicially confessed to committing the charged offense. The trial court subsequently convicted Appellant and assessed his punishment at confinement for sixteen years in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

*Background*

Appellant was charged with the second-degree felony offense of sexual assault of a child under Section 22.011 of the Penal Code. Section 22.011 provides in relevant part that a person commits the offense of sexual assault of a child if the person intentionally or knowingly causes the penetration of the sexual organ of a child by any means. PENAL § 22.011(a)(2)(A). A child is defined in Section 22.011 as a person younger than seventeen years of age. *Id.* § 22.011(c)(1).

*Issue on Appeal*

In a single issue, Appellant challenges the constitutionality of Section 22.011(a)(2) under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the due course of law provision of the Texas Constitution. *See* U.S. CONST. amends. V, XIV, § 1; TEX. CONST. art. I, § 19. Appellant contends that Section 22.011(a)(2) is unconstitutional (1) because it does not contain a *mens rea* element that would require the State to prove that a defendant knew the victim was under seventeen years of age and (2) because it does not allow a defendant to raise an affirmative defense based on the defendant's reasonable belief that a child victim is not younger than seventeen years of age.

*Analysis*

Appellant lodges a "facial" challenge to the constitutionality of Section 22.011. A facial challenge asserts that a statute, by its terms, always operates unconstitutionally. *Gillenwaters v. State*, 205 S.W.3d 534, 536 n.2 (Tex. Crim. App. 2006). An "as-applied" challenge to the constitutionality of a statute asserts that a statute, although generally constitutional, operates unconstitutionally as to the claimant because of his particular circumstances. *Id.* at 536 n.3. Facial and as-applied challenges to the constitutionality of statutes are forfeited if they are not raised in the trial court. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim.

App. 2009) (facial challenge); *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (as-applied challenge). Appellant did not challenge the constitutionality of Section 22.011(a)(2) in the trial court. Therefore, Appellant did not preserve the issue for appellate review. *See* TEX. R. APP. P. 33.1; *Karenev*, 281 S.W.3d at 434. Appellant's sole issue is overruled.

We note that courts have upheld the constitutionality of Section 22.011(a)(2) and Section 22.021 of the Penal Code[1] when faced with arguments that were similar to those raised by Appellant in this appeal. *Fleming v. State*, 376 S.W.3d 854, 857–62 (Tex. App.—Fort Worth 2012), *aff'd*, No. PD-1250-12, 2014 Tex. Crim. App. Lexis 879 (Tex. Crim. App. June 18, 2014), *petition for cert. filed*, 83 U.S.L.W. 3440 (U.S. Sept. 12, 2014) (No. 14-559) (Section 22.021)[2]; *Byrne v. State*, 358 S.W.3d 745, 748–51 (Tex. App.—San Antonio 2011, no pet.) (Section 22.011(a)(2)(A)). Had Appellant preserved his issue for review, we would conclude, based on the reasoning of these courts, that Section 22.011(a)(2) is not unconstitutional.

## *This Court's Ruling*

We affirm the judgment of the trial court.

December 19, 2014                                                                    JOHN M. BAILEY

Do not publish. *See* TEX. R. APP. P. 47.2(b).          JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[1]TEX. PENAL CODE ANN. § 22.021 (West Supp. 2014).

[2]On June 18, 2014, the Court of Criminals Appeals affirmed the opinion of the Fort Worth Court of Appeals in *Fleming v. State*. The Court of Criminal Appeals issued its mandate in *Fleming* on October 14, 2014. However, the Court of Criminal Appeals subsequently withdrew its mandate on November 3, 2014. Based upon that withdrawal, West Publishing has withdrawn the court's opinion from both Westlaw and West's bound volume. The opinion of the Court of Criminal Appeals remains on Lexis as of the date of this opinion.