# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00788-CR

**Daniel Ray Campos, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 27TH DISTRICT COURT OF BELL COUNTY
### NO. 77135, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury convicted appellant Daniel Ray Campos of the second-degree felony offense of sexual assault of a child. *See* Tex. Penal Code § 22.011(a)(2)(A) (stating that person commits offense if person "intentionally or knowingly . . . causes the penetration of the anus or sexual organ of a child by any means"), (c)(1) (defining "child" to mean "person younger than 17 years of age"). The evidence at trial was undisputed that appellant had sexual intercourse with C.F. when he was eighteen years of age and she was fourteen years of age. Raising two issues, appellant argues that the trial court erred by refusing to submit jury instructions on the affirmative defenses of: (i) mistake of fact, *see id.* § 8.02; (ii) mistake of age; and (iii) that "the actor was not more than three years older than the victim," *see id.* § 22.011(e)(2). He further argues that the trial court abused its discretion by admitting "backdoor" hearsay. For the following reasons, we affirm the trial court's judgment of conviction.

## Background

The State indicted appellant for the offense of sexual assault of a child, alleging that on September 28, 2016, appellant:

> did then and there intentionally and knowingly cause the penetration of the sexual organ of [C.F.], a child who was then and there younger than 17 years of age, by the defendant's sexual organ.

*See id.* § 22.011(a)(2)(A), (c)(1).

The jury trial occurred in October 2018. In the guilt-innocence phase, the State's witnesses were C.F., who testified about her sexual encounter with appellant; her father, who testified about discovering what happened and reporting it to the police; and an officer and investigator with the Temple Police Department, who testified about their investigation of C.F.'s complaint. The evidence was largely undisputed. C.F. testified that she was born on April 26, 2002, and that she met appellant online in 2016 by messaging him. When they first started talking, C.F. was fourteen years of age, but she testified that because she was "about to be 15," she "probably told [appellant] [she] was 15 at the time" and that appellant told her "he was 17."

The first time C.F. and appellant met in person was in September or October 2016 when appellant was eighteen and C.F. was fourteen. On that occasion, C.F. invited appellant to her house, and they had sexual intercourse in her bedroom. After that, they continued talking online and, a few weeks later, appellant drove over to C.F.'s house. This time, they stayed outside in appellant's vehicle until C.F.'s father came out of the house. They then drove down the street, C.F. got out of the vehicle, and returned to her home. After her father confronted her

about "where [she] was" and "what happened," C.F. told her father that she previously had sex with appellant. Her father contacted the police.

The investigator interviewed C.F. and appellant, who gave a voluntary statement that the investigator typed and appellant signed. In his statement, appellant confirmed that he was born on April 21, 1998, and stated that, before he graduated from high school in 2016, he met C.F. online and they "became friends," that they met in person one night around 11:00 p.m. at C.F.'s house and had sexual intercourse, and that after her father found out, C.F. told appellant that she was sixteen years of age but that her father was going to the police because appellant was "over age." Appellant's statement and a DVD recording of appellant's interview were admitted as exhibits at trial.

The trial court denied appellant's requested jury instructions that would have allowed the jury to consider whether he had a "reasonable mistake of fact regarding the difference in the complainant's and his age" and the "within-three-years affirmative defense without a mistake of fact" based on C.F.'s "testimony that she represented her age in 2016 as being 15." *See id.* §§ 8.02, 22.011(e)(2). The jury found appellant guilty and, after hearing additional testimony during the trial's punishment phase, assessed his punishment at confinement of three years and recommended community supervision. The trial court entered judgment consistent with the jury's verdict, suspending imposition of the sentence and placing appellant on community supervision for three years. This appeal followed.

**Analysis**

**Jury Charge**

In his first issue, appellant argues that the trial court erred by refusing to submit a mistake-of-fact instruction to the jury regarding the within-three-years affirmative defense provided by section 22.011(e)(2) or a mistake-of-age instruction as a matter of due process because he reasonably believed that C.F.'s age was within three years of his own age. *See id.* §§ 8.02, 22.011(e)(2).

**Standard of Review**

We review alleged jury charge error in two steps: first, we determine whether error exists; if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *Arteaga v. State*, 521 S.W.3d 329, 333 (Tex. Crim. App. 2017); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). The degree of harm required for reversal depends on whether the jury charge error was preserved in the trial court. *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016); *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (setting forth procedure for appellate review of claim of jury charge error). If the complaint about jury charge error was preserved in the trial court, as is the case here, "then reversal is required if there was some harm to the defendant." *Marshall*, 479 S.W.3d at 843.

"A defendant is entitled to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or uncontradicted, and regardless of how the trial court views the credibility of the defense." *Celis v. State*, 416 S.W.3d 419, 430 (Tex. Crim. App. 2013) (citing *Allen v. State*, 253 S.W.3d 260, 267 (Tex.

4

Crim. App. 2008)). "However, '[t]he issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense.'" *Kuhn v. State*, 393 S.W.3d 519, 532 (Tex. App.—Austin 2013, pet. ref'd) (quoting Tex. Penal Code § 2.03(c)). "Therefore, if the evidence, when viewed in the light most favorable to the defendant, does not establish the defense, the defendant is not entitled to an instruction on the issue." *Id.* (citing *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001)). "[T]he evidence must be such that it will support a rational jury finding as to each element of the defense." *Shaw v. State*, 243 S.W.3d 647, 658 (Tex. Crim. App. 2007). In determining whether a defense is supported by the evidence, "a court must rely on its own judgment, formed in the light of its own common sense and experience, as to the limits of rational inference from the facts proven." *Id.*

Guided by these standards, we turn to appellant's complaints about the jury charge.

**Requested Defensive Instructions**

Section 22.011(e)(2) provides an affirmative defense to the offense of sexual assault in subsection (a)(2) if "the actor was not more than three years older than the victim" at the time of the offense and the victim "was a child of 14 years of age or older." Tex. Penal Code § 22.011(e)(2). Further, "[i]t is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." *Id.* § 8.02(a).

Appellant argues that he reasonably believed that C.F. was less than three years younger than him and, therefore, that he was entitled to the statutory mistake-of-fact jury instruction regarding the affirmative defense provided by section 22.011(e)(2) of the Penal Code.

5

Appellant argues that the mistake-of-fact defense should apply to all elements of an offense brought under subsection (a)(2)—specifically, that it should apply to the victim's age. *See id.* § 22.011(a)(2), (e)(2). He further argues that he was entitled to a mistake-of-age instruction as a matter of due process.

However, the State did not have to prove a culpable mental state as to C.F.'s age to prove the elements of the offense of sexual assault of a child under section 22.011(a)(2). *See Fleming v. State*, 455 S.W.3d 577, 582 (Tex. Crim. App. 2014) (explaining that section 22.011(a)(2) of Penal Code does not require culpability as to age of victim). Thus, a mistaken belief about a complainant's age does not negate the "kind of culpability required for commission of the offense." *See id.* ("Because Section 22.021 requires no culpability as to the age of the victim, there is nothing for the defendant's mistaken belief to negate, and his mistake cannot be a defense to prosecution."); *see also* Tex. Penal Code § 8.02(a).

Appellant acknowledges that the Texas Court of Criminal Appeals "has previously rejected [the same] arguments" that he makes as to this issue. *See Fleming*, 455 S.W.3d at 580–83; *see also Celis*, 416 S.W.3d at 430–31 (describing current law applicable to mistake-of-fact defense and reaffirming that mistake-of-fact instruction "is limited to any culpable mental state required for the offense"). Despite this precedent, appellant "urges this Court to take the first step for the Court of Criminal Appeals to reconsider its prior decisions on this issue." As support, appellant cites separate writings by Judges of the Court of Criminal Appeals that, according to appellant, show that they "have been sharply divided" on this issue; the high court's change in composition; a law review article; a 2017 amendment to section

6

21.011(a)(2)[1]; and *Lawrence v. Texas*, 539 U.S. 558 (2003). *See, e.g.*, *Fleming*, 455 S.W.3d at 589 (Keller, P.J., dissenting) (stating that she "would hold that, after *Lawrence v. Texas*, in a limited number of child sex cases, due process requires the submission of an affirmative defense of reasonable mistake of age"); *id.* at 583 (Cochran, J., concurring) (stating belief that "Texas statutory mistake-of-fact defense already applies to the offense of consensual statutory rape" but "reluctantly" joining majority opinion and recognizing that her belief "is not a current state of the law in Texas"); Arnold H. Loewy, *Statutory Rape in a Post Lawrence v. Texas World*, 58 SMU L. Rev. 77 (2005).

But "as an intermediate appellate court, we must follow the binding precedent of the Court of Criminal Appeals." *Gonzales v. State*, 190 S.W.3d 125, 130 n.1 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd); *see State v. Stevenson*, 993 S.W.2d 857, 867 (Tex. App.—Fort Worth 1999, no pet.) ("Because a decision of the court of criminal appeals is binding precedent, we are compelled to comply with its dictates."). Following this precedent, we cannot conclude that the trial court erred by refusing appellant's requested jury instructions for mistake of fact or mistake of age, which were based on the evidence about his belief that he was not more than three years older than C.F. *See Fleming*, 455 S.W.3d at 580–83*; see also Arias v. State*, 503 S.W.3d 523, 531 (Tex. App.—San Antonio 2016, pet. ref'd) (following *Fleming* decision and holding that "section 22.011(a)(2)(C) is not unconstitutional for failing to require the State to prove the defendant had a culpable mental state regarding the victim's age or for failing to contain a mistake-of-fact defense as to the age of the victim"); *Ford v. State*, 488 S.W.3d 350,

---

[1] Section 22.011(a)(2) of the Penal Code was amended in 2017 to add the underlined phrase: "A person commits an offense if: . . . <u>regardless of whether the person knows the age of the child at the time of the offense, the person</u> intentionally or knowingly . . ." *See* Act of May 26, 2017, 85th Leg., R.S., ch. 1038, § 6, 2017 Tex. Gen. Laws 4072, 4074 (effective Sept. 1, 2017).

352 (Tex. App.—Beaumont 2016, no pet.) (declining "to revisit the issues addressed by the Court of Criminal Appeals in *Fleming*" and holding that section 22.011(a)(2) "is not unconstitutional—under either the Due Process Clause of the Fourteenth Amendment or the due course of law provision of the Texas Constitution—for failing to require the State to prove the defendant had a culpable mental state regarding the victim's age, or for failing to contain or recognize a mistake-of-fact defense as to the age of the victim").

To the extent that appellant also is arguing that he was entitled to an instruction on the within-three-years defense contained in section 22.011(e)(2) based on the evidence, we similarly cannot conclude that the trial court erred by refusing to submit an instruction on this ground. Although there was evidence that C.F. told appellant that she was fifteen or sixteen years of age, the applicability of the within-three-years defense is predicated on the actual age difference between a defendant and a child. *See* Tex. Penal Code § 22.011(e)(2). Here, the evidence was undisputed that the difference between appellant's and C.F.'s actual ages was more than three years when they had sexual intercourse. Thus, the evidence did not raise this defense. *See Shaw*, 243 S.W.3d at 658 (explaining that "evidence must be such that it will support a rational jury finding as to each element of the defense"); *Kuhn*, 393 S.W.3d at 532 (explaining that "[t]he issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense" (quoting Tex. Penal Code § 2.03(c)).

For these reasons, we conclude that the trial court did not err by refusing to submit appellant's requested jury instructions as to the defenses of mistake-of-fact, mistake-of-age, and within-three-years and overrule appellant's first issue.

8

**"Backdoor" Hearsay**

In his second issue, appellant argues that the trial court abused its discretion by admitting "backdoor" hearsay. *See* Tex. R. Evid. 801 (defining hearsay), 802 (stating that hearsay generally is not admissible). He argues that the trial court should not have allowed the detective to testify that C.F. told him that she told appellant that she was fourteen years of age. Appellant, however, "concedes that [any harm from] this issue is predicated on a favorable finding" by this Court on his first issue. As we explained above, for the offense charged in the indictment, the State was not required to prove a culpable mental state as to C.F.'s age. *See Fleming*, 455 S.W.3d at 582. Thus, even if the trial court abused its discretion in allowing this testimony, appellant has not shown harm. *See* Tex. R. App. P. 44.2(b) (stating that nonconstitutional error requires reversal only if it affects substantial rights of accused); Tex. R. Evid. 103 (stating that trial court error admitting or excluding evidence must affect "substantial right of the party"); *see also Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001) (explaining that erroneous admission of evidence is nonconstitutional error). We overrule appellant's second issue.

## Conclusion

Having overruled appellant's issues, we affirm the judgment of conviction.

9

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed:   November 20, 2020

Do Not Publish