Brandon Eugene FORD, Appellant

v.

The STATE of Texas, Appellee

NO. 09–14–00186–CR

Court of Appeals of Texas, Beaumont.

Submitted on May 1, 2015

Opinion Delivered March 9, 2016

Michael A. McDougal, Conroe, TX, for Appellant.

Brett W. Ligon, District Attorney, Brent Chapell, Vincenzo Santini, Assistant District Attorney, Conroe, TX, for Appellee.

Before McKeithen, C.J., Kreger and Johnson, JJ.

## OPINION

CHARLES KREGER, Justice

In four issues, Appellant Brandon Eugene Ford asserts that the trial court erred in denying a motion to quash the indictment against him. We hold the trial court did not err in denying Ford's motion to quash on the grounds raised by Ford, and we affirm the trial court's judgment.

## Background

Ford was charged by indictment with the offense of sexual assault of a child. *See* Tex. Penal Code Ann. § 22.011(a)(2)(C), (f) (West 2011). The indictment also contained nine enhancement paragraphs alleging that Ford had nine prior felony convictions. Ford filed a motion to quash the indictment, arguing that the indictment was unconstitutional.[1] The trial court denied Ford's motion to quash after a hearing. Pursuant to a plea-bargain agreement, Ford pled guilty to the offense of sexual assault of a child and true to one of the enhancement paragraphs alleged in the indictment. The trial court accepted Ford's pleas and sentenced Ford to thirty-five years imprisonment in accordance with the plea-bargain agreement. The trial court granted Ford leave to appeal the denial of the motion to quash.

## Error Preservation

In his motion to quash, Ford argued that section 22.021 of the Texas Penal Code was unconstitutional, but did not mention section 22.011, the statute governing the offense with which he was charged and ultimately indicted. *Compare* Tex.

Penal Code Ann. § 22.011 (sexual assault statute), *with* Tex. Penal Code Ann. § 22.021 (West Supp.2015) (aggravated sexual assault statute).[2] Ford argues that he did not waive his arguments concerning section 22.011 because both the trial court and the State were not misled and understood his complaints to concern the constitutionality of the statute with which he was charged. While not conceding the point, the State does not contest Ford's assertion that the trial court and the State understood Ford's complaints in his pre-trial motion to apply to the charges made against Ford.

To preserve error for appellate review, the Texas Rules of Appellate Procedure require that the record show that the objection "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[.]" Tex. R.App. P. 33.1(a)(1)(A). The issue on appeal must comport with the objection made at trial. *See Thomas v. State*, 723 S.W.2d 696, 700 (Tex.Crim.App.1986). Therefore, if a party fails to properly object to constitutional errors at trial, these errors can be forfeited. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex.Crim.App.1990).

Usually, for a complaint to be obvious without having been explicitly stated and still satisfy the purposes above, "there have been statements or actions on the record that clearly indicate what the judge and opposing counsel understood the argument to be." *Resendez v. State*, 306 S.W.3d 308, 315–16 (Tex.Crim.App.2009).

---

1. We note that Ford's motion to quash challenged the constitutionality of section 12.42 of the Texas Penal Code. However, that issue has not been raised on appeal. *See generally* Tex. Penal Code Ann. § 12.42 (West Supp. 2015).

2. We note that in 2015, the Texas Legislature amended section 22.021. Because the relevant portions of the provisions are unchanged, we cite to the current code provision.

The record before us indicates that there was a shared understanding of the objection, and that the judge had a chance to rule on Ford's objection. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex.Crim.App. 2012). Therefore, this issue is preserved for our consideration.

### Analysis

In four issues on appeal, Ford challenges the constitutionality of section 22.011(a)(2)(C) of the Texas Penal Code under both the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the due course of law provision of the Texas Constitution. *See generally* U.S. CONST. amends. V, XIV, § 1; Tex. Const. art. I, § 19. Ford argues that section 22.011(a)(2)(C) is unconstitutional because it does not contain a *mens rea* element that would require the State to prove that a defendant knew the victim was under seventeen years of age. Ford further contends that section 22.011(a)(2)(C) is unconstitutional because it does not allow a defendant to raise an affirmative defense based on mistake-of-fact as to the victim's age.

Ford invites us to revisit the issues addressed by the Court of Criminal Appeals in *Fleming v. State*, 455 S.W.3d 577 (Tex. Crim.App.2014), *cert. denied*, —— U.S. ——, 135 S.Ct. 1159, 190 L.Ed.2d 913 (2015). We decline to do so. The basis of Ford's complaints herein is similar to the complaints the Court analyzed and rejected in *Fleming* regarding the constitutionality of section 22.021 of the Texas Penal Code.

Section 22.011(a)(2) of the Texas Penal Code provides that a person commits the offense of sexual assault of a child under the age of seventeen when, as it applies to the charge in the State's indictment in this case, he intentionally or knowingly "causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor[.]" Tex. Penal Code Ann. § 22.011(a)(2)(C), (c)(1). When the victim is younger than fourteen years of age, the offense is increased to aggravated sexual assault under section 22.021. *Id.* § 22.021(a)(1)(B)(iii), (a)(2)(B).

In *Fleming*, the appellant filed a motion to quash his indictment, asserting that section 22.021 was unconstitutional for failing to require the State to prove that he had a culpable mental state related to the victim's age and for failing to recognize an affirmative defense based on the defendant's reasonable belief that the victim was seventeen years of age or older. 455 S.W.3d at 578. After discussing both sections 22.011(a)(2) and 22.021, the Court explained that there is no *mens rea* as to the age listed in the sexual assault statutes. 455 S.W.3d at 582. The Court clarified that in these contexts, "there is no fundamental right to a *mens rea* element regarding the age of the victim[.]" *Id.* The Court held that section 22.021 is not unconstitutional under either the federal or state constitution for failing to require the State to prove the defendant had a culpable mental state regarding the age of the victim:

> Because this statute serves the legitimate state objective of protecting children, we will not read a *mens rea* element into the statute and do not believe that failure to require *mens rea* as to the victim's age violates the federal or state constitution. The statutory prohibition of an adult having sex with a person who is under the age of consent serves to protect young people from being coerced by the power of an older, more mature person. The fact that the statute does not require the State to prove *mens rea* as to the victim's age places the burden on the adult to ascer-

tain the age of a potential sexual partner and to avoid sexual encounters with those who are determined to be too young to consent to such encounters. If the adult chooses not to ascertain the age of a sexual partner, then the adult assumes the risk that he or she may be held liable for the conduct if it turns out that the sexual partner is under age. *Id.* The Court likewise held that section 22.021 was not unconstitutional for failing to contain or recognize a mistake-of-fact defense as to the age of the victim. *Id.* at 582–83. The Court explained that because section 22.021 "requires no culpability as to the age of the victim, there is nothing for the defendant's mistaken belief to negate[.]" *Id.* at 582.

■ We believe the analysis employed by the Court in *Fleming* in evaluating section 22.021's constitutionality is equally applicable to section 22.011(a)(2). We therefore hold that section 22.011(a)(2) of the Texas Penal Code is not unconstitutional—under either the Due Process Clause of the Fourteenth Amendment or the due course of law provision of the Texas Constitution—for failing to require the State to prove the defendant had a culpable mental state regarding the victim's age, or for failing to contain or recognize a mistake-of-fact defense as to the age of the victim. *See id.* 581–83; *Johnson v. State,* 967 S.W.2d 848, 849–50 (Tex. Crim.App.1998) (analyzing indecency with a child statute and holding that the State is not required to show defendant knew the victim was younger than seventeen years of age); *Byrne v. State,* 358 S.W.3d 745, 749–52 (Tex.App.–San Antonio 2011, no pet.) (analyzing section 22.011(a)(2)(A) and holding that the absence of a *mens rea* requirement in the statute does not render it unconstitutional under either the federal or state constitution); *Scott v. State,* 36 S.W.3d 240, 241–43 (Tex.App.–

Houston [1st Dist.] 2001, pet. ref'd) (analyzing section 22.011 and holding that it is not unconstitutional under the federal constitution for failing to extend the scienter requirement to include knowledge of age of victim); *see also Thornburgh v. State,* No. 11–12–00328–CR, 2015 WL 582007, at *1–2 (Tex.App.–Eastland Feb. 5, 2015, pet. ref'd) (mem. op., not designated for publication) (indicating that if appellant had preserved his constitutional challenges to section 22.011(a)(2), the court would have found the statute constitutional under both the state and federal constitutions based on prior court of appeals' analysis of sections 22.011(a)(2) and 22.021); *Florence v. State,* No. 01–11–00822–CR, 2013 WL 3957696, at *3 (Tex.App.–Houston [1st Dist.] July 30, 2013, no pet.) (mem. op., not designated for publication) (overruling constitutional challenges to section 22.011(a)(2)); *Darlington v. State,* No. 05–10–01621–CR, 2012 WL 401052, at *3 (Tex.App.–Dallas Feb. 9, 2012, no pet.) (not designated for publication) (concluding that section 22.011(a)(2)(A)'s failure to require knowledge of the victim's age does not offend the Texas due course of law provision).

We overrule Ford's four issues and conclude the trial court did not err in denying Ford's motion to quash. We affirm the trial court's judgment.

AFFIRMED.