**Omar Benitez ARIAS, Appellant**

v.

**The STATE of Texas, Appellee**

No. 04-15-00753-CR

Court of Appeals of Texas, San Antonio.

Delivered and Filed: September 14, 2016

Leonard Martinez, Attorney at Law, Austin, TX, for Appellant.

Stacie Keeble, The Law Office of Patrick O'Fiel, P.C., Kerrville, TX, E. Bruce Curry, District Attorney—216th Judicial District, Steven A. Wadsworth, Assistant District Attorney—216th Judicial District, Kerrville, TX, for Appellee.

Sitting: Karen Angelini, Justice Marialyn Barnard, Justice Rebeca C. Martinez, Justice

## OPINION

Karen Angelini, Justice

Omar Benitez Arias was charged by indictment with sexual assault of a child pursuant to section 22.011(a)(2)(C) of the Texas Penal Code.[1] He filed a motion to quash the indictment, arguing that section 22.011(a)(2)(C) is unconstitutional on its face and as applied. After the trial court denied his motion to quash, Arias pled guilty to the lesser-included offense of attempted sexual assault and, pursuant to a plea-bargain agreement, was sentenced to five years deferred adjudication community supervision. The trial court then certified that Arias had the right to appeal the trial court's ruling on his motion to quash the indictment. Arias now appeals.

## AS-APPLIED CHALLENGES

In the trial court, Arias filed a motion to quash the indictment arguing that section 22.011 violated his due process and equal protection rights under the Fourth and Fourteenth Amendments to the Constitution. His first argument centered on the fact that the Penal Code does not criminalize all sexual activity between adults and persons younger than seventeen years of age. Arias emphasized that sections 21.11 and 22.011 allow children younger than seventeen but older than fourteen years of age to consent to sexual activity with an adult who is "not more than three years older than the victim." *See* TEX. PENAL CODE ANN. §§ 21.11, 21.011 (West 2011).[2] Thus, Arias stressed that the Texas Penal Code "does not prohibit consensual sexual activity between children and adults, but only between *some* children and *some* adults." (emphasis in original). According to Arias, he was thus being treated differently than other adults, and because there was no legitimate state interest in treating him differently from these other adults, his constitutional rights were violated. Additionally, Arias argued that his substantive due process rights were violated because consensual sexual relationships were fundamental liberty interests, which are subject to strict scrutiny review. According to Arias, because section 21.011 is not narrowly tailored to serve a compelling state interest, it is unconstitutional. He makes

---

1. Section 22.011(a)(2)(C) provides that a person commits sexual assault if the person intentionally or knowingly causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor. TEX. PENAL CODE ANN. § 22.011(a)(2)(C) (West 2011).

2. Section 21.11(b) provides for an affirmative defense to prosecution under section 21.11 (Indecency with a Child) if the actor "was not more than three years older than the victim and of the opposite sex" and "did not use duress, force, or a threat against the victim at the time of the offense." TEX. PENAL CODE ANN. § 21.11(b) (West 2011). Section 22.011(e) provides for an affirmative defense to prose-

cution under section 22.011(a)(2) if the actor was the spouse of the child at the time of the offense; or "the actor was not more than three years older than the victim," and the victim was "a child of 14 years of age or older." TEX. PENAL CODE ANN. § 22.011(e) (West 2011). Both affirmative defenses under sections 21.11(b) and 22.011(e) require that the actor (1) not be a person required to register for life as a sex offender under chapter 62 of the Texas Code of Criminal Procedure; and (2) not be a person who under chapter 62 had a reportable conviction or adjudication for an offense under the respective section. *See id.* §§ 21.11(b), 22.011(e).

both of these equal protection and substantive due process arguments in the first issue of his appellate brief, arguing that section 22.011(a)(2)(C) is unconstitutional on its face and as applied.

Arias's second argument in his motion to quash centered on section 21.011 not requiring actual knowledge of a child's age as an element of the offense or allowing for mistake of fact regarding a child's age to be a defense to the offense. Arias argued that because section 21.011 did not require actual knowledge of a child's age or allow for a mistake-of-fact defense, his equal protection and due process rights were violated under the Constitution. Arias makes these same arguments in the second issue of his appellate brief, arguing that section 22.011 is unconstitutional on its face and as applied.

No evidentiary hearing was held on Arias's motion to quash. The State argues that because there was not an evidentiary hearing, Arias did not meet his burden in making an "as applied" challenge to section 21.011. The appellate record reflects that Arias stipulated to the allegations contained in the indictment with a slight amendment to reflect that the crime was "attempted." The amended language stipulated to by Arias stated that "on or about the 10th day of November, A.D. 2012, ... [Arias] did then and there *attempt to* intentionally and knowingly cause the sexual organ of a child then and there younger than seventeen (17) years of age, namely [K.N.], to contact the mouth of the said defendant." (emphasis added). The indictment also reflected that Arias's date of birth is May 22, 1988. Thus, the stipulated evidence shows that at the time of the offense, Arias was twenty-four years of age.

 With regard to Arias's first issue, he has met his burden to present the issue of an as-applied challenge to section 22.011. "The burden rests upon the individual who challenges a statute to establish its unconstitutionality." *Peraza v. State,* 467 S.W.3d 508, 514 (Tex.Crim.App.2015). "When reviewing the constitutionality of a statute, we commence with the presumption that such statute is valid and that the Legislature has not acted unreasonably or arbitrarily in enacting the statute." *Id.* (citations omitted). "We must seek to interpret a statute such that its constitutionality is supported and upheld." *Id.* Thus, a "reviewing court must make every reasonable presumption in favor of the statute's constitutionality, unless the contrary is clearly shown." *Id.* Thus, Arias has the burden of bringing forth facts showing that section 21.011(a)(2)(C) is unconstitutional as applied to him. *See id.*

The record shows that Arias was prosecuted under section 21.011(a)(2)(C) and that he was twenty-four years old at the time of the offense. His first issue centers on the fact that due to section 22.011(e)'s affirmative defense, he is being treated differently than other similarly-situated adults. The affirmative defense under section 22.011(e) applies only when the child is fourteen, fifteen, or sixteen years of age. *See* Tex. Penal Code § 22.011(e)(2)(B)(I) (West 2011). Thus, for the affirmative defense to be applicable, the actor must be not more than three years older than a fourteen, fifteen, or sixteen year-old. *See id.* § 22.011(e)(2)(A) (West 2011). Therefore, the class of persons Arias claims are treated differently from him in violation of his constitutional rights can be identified from the record—persons not more than three years older than a fourteen, fifteen, or sixteen year-old. We conclude Arias did bring forth stipulated facts from which this court can consider his "as-applied" constitutional argument.

However, with regard to Arias's second issue, no evidence in the appellate record

**528**

relates to this as-applied challenge. There is no evidence regarding the facts surrounding Arias's belief of the child's age or the mistake of fact he held. There are no facts from which we can analyze his second issue's as-applied challenge. Thus, with respect to his second issue, we will consider only his facial challenge.

In his first issue's as-applied challenge, Arias brings both equal protection and substantive due process arguments. The Equal Protection Clause of the Fourteenth Amendment requires that no State "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend XIV. This requirement "is essentially a direction that all persons similarly situated should be treated alike." *Schlittler v. State*, 488 S.W.3d 306, 316 (Tex.Crim.App.2016). "In general, legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Id.* "This general rule gives way, however, when a statute contains a suspect classification, such as one pertaining to race, alienage, or national origin, or whenever a statute contains a classification that 'impinge[s] on personal rights protected by the Constitution.'" *Id.* (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985)) (alteration in original). "In those situations, a statute is subject to strict scrutiny and will be sustained only if it is suitably tailored to serve a compelling state interest." *Schlittler*, 488 S.W.3d at 316.

Substantive due process serves to prevent the arbitrary and capricious infringement upon a person's constitutionally protected individual rights. *Foucha v. Louisiana*, 504 U.S. 71, 79–80, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992); *Byrne v. State*, 358 S.W.3d 745, 750 (Tex.App.—San Antonio 2011, no pet.). "Generally, a stat-ute satisfies due process guarantees so long as it 'bear[s] some reasonable relation to the purpose for which' it was conducted." *Byrne*, 358 S.W.3d at 750 (quoting *Foucha*, 504 U.S. at 79, 112 S.Ct. 1780) (alteration in original). "If an individual right is deemed fundamental, however, substantive due process precludes the government from infringing upon it 'at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest.'" *Byrne*, 358 S.W.3d at 750 (quoting *Reno v. Flores*, 507 U.S. 292, 301–02, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993)).

With respect to substantive due process, Arias argues that his consensual intimate relationship with the alleged victim is a constitutionally protected fundamental liberty interest. He cites *Lawrence v. Texas*, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), for the proposition that consensual intimate relationships concern constitutionally protected fundamental liberty interests. *Lawrence*, however, applies to consenting adults and "does not involve minors." *Id.* at 578, 123 S.Ct. 2472. There is no fundamental liberty interest in having a consensual intimate relationship with a child. *See id.*; *Fleming v. State*, 455 S.W.3d 577, 580–83 (Tex. Crim.App.2014). Thus, Arias's substantive due process rights were not violated.

Additionally, because there is no fundamental liberty interest in having a consensual intimate relationship with a child, strict scrutiny review does not apply to his equal-protection challenge. *See Lawrence*, 539 U.S. at 578, 123 S.Ct. 2472. Instead, rational review applies; that is, Arias, as the party challenging the statute on equal protection grounds, had the "burden to show that the statutory classification is not rationally related to a legitimate state interest." *Medina v. State*, 986

S.W.2d 733, 736 (Tex.App.—Amarillo 1999, pet. ref'd). We conclude that the Legislature creating an affirmative defense to encompass those no more than three years older than a fourteen, fifteen, or sixteen year-old child is rationally related to a legitimate state interest. *See id.; Zaso v. State,* No. 01–97–01091–CR, 2001 WL 522014, at *1 (Tex.App.—Houston [1st Dist.] 2001, no pet.). "By permitting the affirmative defense, the legislature has recognized that individuals with less than a three-year age differential are still children in the eyes of the law and, because of that lack of maturity, their conduct should not be punished in the same manner as that of an adult" like Arias, who at the time of the offense was twenty-four years old. *Medina,* 986 S.W.2d at 736. "The recognition of a difference in judgment, maturity, and in an ability to control conduct between underage juveniles and significantly older, more sophisticated adults is a matter well within the peculiar province of the legislature." *Id.* Therefore, we hold Arias has not met his burden of showing section 22.011(a)(2)(C) is unconstitutional as applied to him because it treats him differently than similarly situated adults.[3]

We overrule Arias's first issue.

## FACIAL CHALLENGE

■ As noted, in his second issue, Arias argues that "[b]y excluding knowledge of actual age/mistake of fact as to actual age of the complainant and/or the 3 year age window defense, the relevant penal statute, section 22.011(a)(2)(C), is unconstitutional on its face" and violates his right to equal protection and due process guaranteed by the Constitution. He argues that "[t]hese omissions render the statute unconstitutionally vague" and is "little more than a trap for those who act in good faith." The Texas Court of Criminal Appeals rejected this argument in *Fleming v. State,* 455 S.W.3d 577, 581–83 (Tex.Crim. App.2014).

In *Fleming,* 455 S.W.3d at 579–80, the appellant brought a facial challenge to section 22.021's lack of a *mens rea* requirement as to the victim's age,[4] arguing he had an objectively and subjectively reasonable belief that the victim was seventeen years old or older. He argued that "because the physical act identified in section 22.021(a)(1)(B)(iii) is entitled to constitutional protection, the complete absence of a *mens rea* requirement as to the age of the victim renders the statute constitutionally void." *Fleming,* 455 S.W.3d at 580.

The *Fleming* Court rejected the appellant's argument, reasoning that for strict liability crimes, "there is no 'guilty mind' requirement, and the actor does not have to possess the *mens rea* to commit any crime." *Id.* at 581. "In such strict-liability offenses, the actor's state of mind is irrelevant, and he is guilty of the crime at the moment he commits the prohibited act." *Id.* The *Fleming* Court explained that "[m]ost strict liability statutes are associated with the protection of the public health, safety, or welfare, such as those involving

3. Having made this determination, we need not reach his facial challenge under his first issue. "A facial challenge is the most difficult to prove because the challenger must demonstrate that 'no set of circumstances exists under which the statute will be valid.'" *Byrne,* 358 S.W.3d at 748 (quoting *Santikos v. State,* 836 S.W.2d 631, 633 (Tex.Crim.App.1992)). Having concluded that section 22.011 is not unconstitutional as applied to the facts presented by him in his first issue, Arias necessarily cannot demonstrate a facial challenge.

4. Section 22.021 provides that a person commits aggravated sexual assault if the person intentionally or knowingly engages in sexual contact with a person younger than 14 years of age. *See* Tex. Penal Code Ann. § 22.021(a)(1), (2)(B) (West Supp. 2015).

air and water pollution, sale of adulterated food, and traffic and motor-vehicle laws." *Id.* The court explained that statutory rape was "distinguishable in that the act of sexual intercourse is not a crime except in certain circumstances, such as when the other person has not consented to the act or when the other person is deemed unable to consent due to his or her age." *Id.* The *Fleming* Court then stressed the legitimate state interest involved in statutory rape statutes:

Because this statute serves the legitimate state objective of protecting children, we will not read a *mens rea* element into the statute and do not believe that failure to require *mens rea* as to the victim's age violates the federal or state constitution. The statutory prohibition of an adult having sex with a person who is under the age of consent serves to protect young people from being coerced by the power of an older, more mature person. The fact that the statute does not require the State to prove *mens rea* as to the victim's age places the burden on the adult to ascertain the age of a potential sexual partner and to avoid sexual encounters with those who are determined to be too young to consent to such encounters. If the adult chooses not to ascertain the age of a sexual partner, then the adult assumes the risk that he or she may be held liable for the conduct if it turns out that the sexual partner is under age.

*Id.* at 582.

With respect to a mistake-of-fact defense, the *Fleming* Court emphasized that the "legislature's intent of protecting children from sexual assault is clear" and "outweighs any claim of the right to present a mistake-of-age defense." *Id.* According to the court, "[w]hen a defendant voluntarily engages in sexual activity with someone who may be within a protected age group, he should know that there may be criminal consequences and there will be no excuse for such actions." *Id.* "When it comes to protecting those who are unable, due to their tender age, to consent to sexual activity, the legislature simply does not allow any variance." *Id.* The *Fleming* Court stressed,

It would be unconscionable for us to allow a 25-year-old man who was having sex with a 13-year-old child to claim that his actions were excused because he reasonably believed that he was having sex with an adult. Such a defense is precluded by the overriding interest in protecting children.

*Id.* at 582–83. Therefore, the *Fleming* Court held that section 22.021 was not unconstitutional "for failing to require the State to prove that the defendant had a culpable mental state regarding the victim's age or for failure to recognize an affirmative defense based on the defendant's belief that the victim was 17 years of age or older." *Id.* at 583.

Arias attempts to distinguish *Fleming* by arguing that *Fleming* analyzed the constitutionality of section 22.021, and not the relevant statute in this case, section 22.011. Recently, the Beaumont Court of Appeals considered this same argument in *Ford v. State*, 488 S.W.3d 350, 352 (Tex.App.— Beaumont 2016, no pet.). The Beaumont Court of Appeals noted that the basis of the appellant's complaints were similar to the complaints analyzed and rejected by the *Fleming* Court regarding the constitutionality of section 22.021. *Ford*, 488 S.W.3d at 352. The Beaumont Court of Appeals explained that the *Fleming* Court had discussed "both sections 22.011(a)(2) and 22.021" in determining that "there is no *mens rea* as to the age listed in the sexual assault statutes" and that "there is no fundamental right to a *mens rea* element regarding the age of the victim.'"

*Ford*, 488 S.W.3d at 352 (quoting *Fleming*, 455 S.W.3d at 582). The court of appeals emphasized that in holding section 22.021 was not unconstitutional, the *Fleming* Court had stressed the state's interest in protecting children and the defendant's responsibility to determine the age of sexual partners. *Ford*, 488 S.W.3d at 352 (citing *Fleming*, 455 S.W.3d at 582). The Beaumont Court of Appeals then noted that the *Fleming* Court had "likewise held that section 22.021 was not unconstitutional for failing to contain or recognize a mistake-of-fact defense as the age of the victim," and had explained that "because section 22.021 'requires no culpability as to the age of the victim, there is nothing for the defendant's mistaken belief to negate.' " *Ford*, 488 S.W.3d at 352 (quoting *Fleming*, 455 S.W.3d at 582). The Beaumont Court of Appeals then concluded that the analysis employed by the *Fleming* Court should also apply to section 22.011(a)(2) and held that section 22.011(a)(2) was not unconstitutional. *Ford*, 488 S.W.3d at 352.

We agree with the analysis of the Beaumont Court of Appeals and likewise hold that section 22.011(a)(2)(C) is not unconstitutional for failing to require the State to prove the defendant had a culpable mental state regarding the victim's age or for failing to contain a mistake-of-fact defense as to the age of the victim. *See Ford*, 488 S.W.3d at 352; *see also Byrne*, 358 S.W.3d at 749–52 (rejecting appellant's argument that the absence of a *mens rea* requirement in section 22.011(a)(2)(A) renders the statute unconstitutional).

We therefore overrule Arias's second issue and affirm the trial court's order denying his motion to quash the indictment.