

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00162-CR

Gustavo Bouvier **HERNANDEZ** a/k/a Gustavo Bovier-Hernandez,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2021CRD001242D2
Honorable Monica Z. Notzon, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:    Irene Rios, Justice
Lori Massey Brissette, Justice
Adrian A. Spears II, Justice

Delivered and Filed: February 25, 2026

AFFIRMED

Following a jury trial, appellant Gustavo Bouvier Hernandez[1] was convicted of aggravated

sexual assault of a child pursuant to Texas Penal Code section 22.021(a)(2)(B) and possession of

child pornography pursuant to Texas Penal Code section 43.26(a). *See* TEX. PEN. CODE §§

22.021(a)(2)(B), 43.26(a). On appeal, Bouvier contends the trial court erred in: (1) denying his

---

[1] In the trial record, appellant is also referred to as "Gustavo Bouvier-Hernandez" or "Gustavo Bovier-Hernandez." These spelling variations are immaterial to this appeal. *See Martin v. State*, 541 S.W.2d 605, 606 (Tex. Crim. App. 1976).

request for a jury instruction on a mistake of fact; (2) admitting improper opinion testimony; (3) denying his motion to suppress his oral custodial statements; and (4) not providing a required jury instruction on whether his oral custodial statements were involuntary. After reviewing the record and the parties' briefing, we affirm.

## BACKGROUND

In August of 2021, Bouvier's wife discovered an explicit video on his cell phone of Bouvier performing a sexual act on an eight-year-old child who is his wife's sister and their adoptive daughter. The video is over a minute and a half long and captures Bouvier penetrating the child's mouth with his penis and giving her verbal instructions. After finding the video, Bouvier's wife called the police. Bouvier was arrested, and a Webb County grand jury returned a two-count indictment charging him with aggravated sexual assault of a child (Count I) and possession with intent to promote child pornography (Count II). The indictment was amended by court order, changing Count II to possession of child pornography under Texas Penal Code section 43.26(a).

Before the jury trial, a two-day hearing was held on Bouvier's motion to suppress his oral statements made during a custodial interrogation conducted by Investigator Donna in which Bouvier confessed to the sexual act but asserted he had believed the child victim was his adult wife. At the conclusion of the hearing, the trial court denied the motion to suppress, and it issued written findings of fact and conclusions of law.

At trial, the State presented five witnesses, including Investigator Donna and Bouvier's wife. The sexually explicit video was entered into evidence and viewed by the jury. Bouvier's wife testified that the child victim can be heard saying "no" in the video. She also testified that she knows Bouvier is the man in the video because she has been married to Bouvier for over fifteen years and she recognized his penis and voice in the video. She further testified that after

discovering the video, she spoke with the child victim, who made an outcry to her that Bouvier had sexually assaulted her two prior times. At trial, Bouvier testified, confessing that he engaged in the sexual act with the child and filmed it on his phone, but stating that throughout the entire recording he had believed the victim was his adult wife. Bouvier acknowledged that he had the phone's flashlight on throughout the recording, and he further acknowledged that he can be heard in the video giving the child instructions.

The jury found Bouvier guilty on both counts of the indictment, and the jury assessed as punishment stacked sentences of eighty years for Count I and ten years for Count II, along with a $10,000 fine for each count. Bouvier timely appealed.

### REQUEST FOR MISTAKE-OF-FACT JURY INSTRUCTION

At the jury charge conference, Bouvier requested a jury instruction for Count I, aggravated sexual assault of a child, which stated that if the jury finds from the evidence that Bouvier "reasonably believed that the act of penetrating the mouth of [the child] was a mistake of fact in that he believed [the child] was his wife" then the jury "will acquit" Bouvier. Bouvier contends that the trial court's denial of his request for a mistake-of-fact jury instruction constitutes reversible error.

Under Texas Penal Code section 8.02, it is a defense to prosecution that a defendant formed a reasonable mistaken belief only if "his mistaken belief negated the kind of culpability required for commission of the offense." TEX. PEN. CODE § 8.02(a); *see Mays v. State*, 318 S.W.3d 368, 382 (Tex. Crim. App. 2010) (explaining that mistake-of-fact defense does not apply unless defendant was mistaken about a specific historical fact that, if true, would negate the mental state required for conviction). The trial court properly denied Bouvier's request for this instruction because the purported mistake of fact does not negate any mental state required for conviction. A

person commits the offense of aggravated sexual assault of a child if, (1) "***regardless of whether the person knows the age of the child at the time of the offense***," intentionally or knowingly "causes the penetration of the mouth of a child by the sexual organ of the actor" or "causes the mouth of a child to contact" the sexual organ of the actor; and (2) "the victim is younger than 14 years of age***, regardless of whether the person knows the age of the victim at the time of the offense***." TEX. PEN. CODE § 22.021(a). "Because Section 22.021 requires no culpability as to the age of the victim, there is nothing for the defendant's mistaken belief to negate, and his mistake cannot be a defense to prosecution." *Fleming v. State*, 455 S.W.3d 577, 582 (Tex. Crim. App. 2014) (citing TEX. PEN. CODE § 8.02(a)). The *Fleming* court further concluded that section 22.021 is not unconstitutional for failing to recognize an affirmative defense based on a defendant's belief that the victim was 17 years of age or older. *Id.* at 583; *see Arias v. State*, 503 S.W.3d 523, 530 (Tex. App.—San Antonio 2016, pet. ref'd).

Bouvier's argument—that he mistakenly believed his conduct was lawful because he believed the victim was his wife—does not entitle him to a mistake-of-fact jury instruction. *See Fleming*, 455 S.W.3d at 582–83; *Miller v. State*, 605 S.W.3d 877, 882 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) ("A defendant's mistaken belief that his conduct was lawful is not a mistake of fact" and does not require a jury instruction). Therefore, the trial court did not err by denying Bouvier's request for this instruction. We overrule Bouvier's first issue.

### ADMISSION OF INVESTIGATOR'S TESTIMONY

In his second issue, Bouvier argues the trial court erred in permitting improper opinion testimony from Investigator Donna as to the truthfulness of Bouvier's mistake-of-fact defense. The State contends Bouvier failed to preserve this issue.

To preserve a complaint for appellate review, the complaining party must present a timely request, objection, or motion to the trial court which states the specific grounds for the desired ruling unless the specific grounds are apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1)(A); *see also Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014). "Failure to preserve error at trial forfeits the later assertion of that error on appeal." *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) (citation omitted). "[A]lmost all error—even constitutional error—may be forfeited if the appellant fail[s] to object" during trial. *See id.* "This is true even though the error may concern a constitutional right of the defendant." *Id.* Moreover, the issue on appeal must comport with the objection made at trial; otherwise, it is waived. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). "An objection stating one legal theory may not be used to support a different legal theory on appeal." *Williams v. State*, 402 S.W.3d 425, 437 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).

At trial, the State asked Donna what he determined from his investigation based on his interview with Bouvier and his knowledge at the time of the sexually explicit video. Bouvier objected only on the ground that the question was vague, and the trial court overruled his objection. Donna then responded that he determined Bouvier was not being truthful with him during the interview, because the content of the explicit video did not comport with Bouvier's assertion that he did not realize the victim was an eight-year-old child rather than his adult wife. Bouvier did not raise any objections to this testimony.

Bouvier's argument on appeal that Donna provided improper opinion testimony advances a different legal theory on appeal than Bouvier's objection at trial. Therefore, Bouvier has not preserved this argument. *See id.* (argument not preserved on appeal that statements were improper expert-opinion testimony under Rule 702 because only objections at trial were based on lack of

personal knowledge under Rule 602 and improper opinion testimony lacking personal knowledge under Rule 701); *Howard v. State*, No. 09-19-00149-CR, 2021 WL 1991267, at \*5 (Tex. App.—Beaumont May 19, 2021, no pet.) (argument at trial that trooper's testimony would be speculative did not properly conserve complaint on appeal that allowing trooper's testimony was fundamental error in that it adversely affected defendant's right to fair trial); *Paroline v. State*, 532 S.W.3d 491, 497 (Tex. App.—Texarkana 2017, no pet.) (concluding appellant failed to preserve objection to testimony because objection at trial was itself so vague that it violated requirement that it be of "sufficient specificity to make the trial court aware of the complaint.") (quoting TEX. R. APP. P. 33.1(a)(1)(A)). We overrule his second issue. *See Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) (reversing court of appeals and noting reviewing court should not address merits of an issue that has not been preserved for appeal).

## DENIAL OF MOTION TO SUPPRESS

In his third issue, Bouvier argues the trial court erred in denying his motion to suppress his oral custodial statements made during his interview with Investigator Donna after his arrest. Bouvier argues that he was misinformed about his rights, he was never informed about waiving them, he did not in fact waive them, and his statements were made involuntarily.

The forty-eight minute interview was conducted in Spanish and subsequently transcribed and translated. When Donna began his interview with Bouvier, Donna informed him that he is a police investigator and that an arrest warrant was issued because of the video his wife found on his phone. As Donna tried to further explain that he was assigned to investigate, Bouvier interrupted and began trying to tell his side of the story. Donna responded by telling Bouvier he is currently under arrest and that he will first explain Bouvier's constitutional rights, which he must understand before Donna can ask him any questions, and then Bouvier can discuss whatever he

wants afterwards. Donna then read in Spanish the first six items from the bilingual "Laredo Police Department Miranda Warnings" form, stating:

1. You have the right to remain silent.
2. Any statement that you make can be used against you in a court of law.
3. You have the right to talk to an attorney so that—that he may counsel you before you are asked any questions and you also have the right to have an attorney present during questioning.
4. If you do not have the means to hire an attorney you will be assigned one before questioning begins.
5. If you decided to answer any questions without the presence of an attorney, you may exercise your rights to stop answering and to stop making a statement. And you also have the right to terminate the interview at any moment that you would like to.
6. Do you understand your rights, Mr. Bouvier?

Donna did not read out loud the seventh item from the warnings form, which states "Do you elect to waive them?" After he read the sixth item—"Do you understand your rights, Mr. Bouvier?"—appellant nodded positively. Donna then asked him again, "Do you understand?" to which Bouvier responded, "Yes, sir." Then Donna asked Bouvier to put his initials next to each of the warnings on the form and then sign at the bottom, which Bouvier then did. Thus, Bouvier initialed next to each of the seven warnings, including "Do you understand your rights?" and, directly beneath, "Do you elect to waive them?" As Bouvier began writing on the form, Donna stated, "And with that you are only indicating that you understood what I read to you." Bouvier continued initialing the items on the form, and after he finished signing, Donna began trying to ask him if he is willing to speak about what happened. Bouvier cut him off and stated that he does not have money for an attorney and that even if he had an attorney, no one will believe him anyway. Donna responded by stating the first thing they have to cover is whether Bouvier is willing to speak to him or not. Bouvier responded that he is willing, and then Donna said, "First you have to tell me yes or no." Bouvier responded, "Yes." Then Bouvier shared his story and answered Donna's questions.

At the two-day hearing on Bouvier's motion to suppress, the trial court heard argument from the parties, viewed the interview video, read the transcript of the interview and the signed warnings form, and heard testimony from Donna, in which Donna testified that in his opinion, Bouvier understood the rights Donna read to him.

## A. Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018). First, we give almost total deference to the trial court's findings of historical facts and to mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007) (citing *Guzman v. State*, 995 S.W.2d 85, 89 (Tex. Crim. App. 1997)). The trial court is the "sole and exclusive trier of fact and judge of the credibility of the witnesses," particularly when a motion to suppress is based on the voluntariness of a confession. *Carter v. State*, 309 S.W.3d 31, 41–42 (Tex. Crim. App. 2010); *see Weems v. State*, 493 S.W.3d 574, 577 (Tex. Crim. App. 2016). The trial court "is entitled to believe or disbelieve all or part of the witness's testimony—even if that testimony is uncontroverted—because [the trial court] has the opportunity to observe the witness's demeanor and appearance." *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). If the trial court makes a finding of fact that is derived from video evidence admitted at a suppression hearing, that finding "is still reviewed under a deferential standard." *Carter*, 309 S.W.3d at 40 & n.47. Second, we review de novo mixed questions of law and fact "that do not depend upon credibility and demeanor." *Amador*, 221 S.W.3d at 673; *see Guzman*, 995 S.W.2d at 89.

If the trial court "makes express findings of fact, we view the evidence in the light most favorable to [the court's] ruling and determine whether the evidence supports these factual

findings." *Valtierra*, 310 S.W.3d at 447; *see Miller v. State*, 393 S.W.3d 255, 263 (Tex. Crim. App. 2012). We will sustain the trial court's ruling if it is correct on any applicable theory of law and the record reasonably supports it. *State v. Arellano*, 660 S.W.3d 53, 57 (Tex. Crim. App. 2020).

### B. Applicable Law

The State "may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). A defendant's oral statement made as a result of custodial interrogation is inadmissible in a criminal proceeding unless a recording is made of the statement, and prior to the statement but during the recording, the accused is given the warnings provided in Article 38.22, section 2, subsection (a). *See* TEX. CODE. CRIM. PROC. art. 38.22, §§ 2(a), 3(a). In addition, for any of Bouvier's oral statements to be admissible, he must have "knowingly, intelligently, and voluntarily" waived those rights prior to making the statements. *See id.* art. 38.22, §§ 3(a)(2), 6. A "statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion or persuasion." *See* TEX. CODE. CRIM. PROC. art. 38.21. The State bears the burden to prove by a preponderance of the evidence a knowing, intelligent, and voluntary waiver. *State v. Lujan*, 634 S.W.3d 862, 865 (Tex. Crim. App. 2021).

We undertake a two-part inquiry into whether a defendant's waiver is valid. *See Berghuis v. Thompkins*, 560 U.S. 370, 382–83 (2010); *Joseph v. State*, 309 S.W.3d 20, 25 (Tex. Crim. App. 2010). First, the waiver must be "voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Berghuis*, 560 U.S. at 382 (citation omitted); *Joseph*, 309 S.W.3d at 25. Second, the waiver must be "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to

abandon it." *Berghuis*, 560 U.S. at 382–83 (citation omitted); *Joseph*, 309 S.W.3d at 25. An express waiver is not required; it may be inferred from the actions and words of the person interrogated. *See Joseph*, 309 S.W.3d at 24–25. Courts consider the totality of the circumstances surrounding the interrogation. *See id.* at 25.

Sections 2 and 3 of Article 38.22 are more expansive than the protections of *Miranda* and the Due Process Clause. *Oursbourn v. State*, 259 S.W.3d 159, 169, 173 (Tex. Crim. App. 2008). Therefore, any "statement that is 'involuntary' as a matter of constitutional law is also 'involuntary' under Article 38.22, but the converse need not be true." *Id.* A confession is not involuntary under *Miranda* or the Due Process Clause unless there is "some coercive police activity." *Id.* at 170.

## C. The Trial Court's Findings of Fact and Conclusions of Law

After denying Bouvier's motion to suppress, the trial court issued its findings of fact and conclusions of law stating, *inter alia*, the following:

- Donna read Bouvier his *Miranda* rights.

- Prior to Bouvier making his statements, Donna "ensured that [Bouvier's] rights under §38.22 of the Texas Code of Criminal Procedure were explained to, and understood by, [Bouvier]."

- By clear and convincing evidence, based on Bouvier's "words and actions," Bouvier "waived his rights under §38.22 of the Texas Code of Criminal Procedure."

- By clear and convincing evidence, Bouvier's statements were "made voluntarily" and were "the product of a free and deliberate choice."

- Bouvier demonstrated "a sufficient level of comprehension of his legal rights based on how the Defendant was trying to assist and explain to the investigator what he believed had occurred."

- Bouvier's "conduct and active demeanor during the interview together with his desire to share details of what had occurred according to the Defendant demonstrated a free and deliberate choice to make an intelligent and voluntary statement and inferred [sic], by clear and convincing evidence, a willingness to waive his rights."

- By clear and convincing evidence, Bouvier "was not coerced, deceived or intimidated during his detention and/or during his interview."

- By clear and convincing evidence, Bouvier "was not induced and [Donna] made no guarantees to [Bouvier]."

- Bouvier's "interview was not unreasonably long and therefore the length of the interview did not render an otherwise voluntary statement involuntary. Moreover, the Court finds that during the interview, [] Bouvier was offered water and [Bouvier] was not denied restroom breaks and he was not threatened, coerced or mistreated at any point during the entire interview."

- "Bouvier freely and voluntarily signed the consent to search his cellular electronic device."

- Bouvier "was afforded his rights" under the U.S. and Texas Constitutions.

**D. Application**

Bouvier's third issue largely hinges on his interpretation of the legal significance of the following two aforementioned and undisputed facts: (1) Donna did not read out loud the seventh item from the warnings form, which states "Do you elect to waive them?"; and (2) as Bouvier began writing on the form, Donna stated, "And with that you are only indicating that you understood what I read to you." Bouvier argues that these facts show that Bouvier's statements were made involuntarily, he was misinformed about his rights, he was never informed about waiving them, and he did not in fact waive them. But we may not consider these facts in isolation. We must instead consider the totality of the circumstances surrounding the interrogation. *Joseph*, 309 S.W.3d at 25.

As a preliminary matter, by reading the first six items from the bilingual "Laredo Police Department Miranda Warnings" form to Bouvier, Donna gave Bouvier all the required warnings, which do not include any warning regarding waiving rights. *See* TEX. CODE. CRIM. PROC. art. 38.22, §§ 2(a), 3(a); *Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007) (explaining the warnings set forth in Article 38.22 are "virtually identical" to *Miranda*, except that they also require the warning that an accused may terminate an interview at any time). Because Bouvier

- 11 -

received all the required warnings, the next question is whether he then validly waived his rights, a two-part inquiry. *See Berghuis*, 560 U.S. at 382–83; *Joseph*, 309 S.W.3d at 25.

First, we consider whether Bouvier's waiver was "voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Berghuis*, 560 U.S. at 382 (citation omitted); *Joseph*, 309 S.W.3d at 25. The trial court found by clear and convincing evidence that during his interview with Donna, Bouvier "was not coerced, deceived or intimidated," "was not induced and [Donna] made no guarantees to [Bouvier]," and "was not threatened, coerced or mistreated at any point." Viewing the evidence in the light most favorable to the trial court's ruling, we conclude the evidence supports these findings.[2] *See Valtierra*, 310 S.W.3d at 447; *Miller*, 393 S.W.3d at 263. Donna's statement that "with that you are only indicating that you understood what I read to you" cannot be viewed in isolation in determining whether Donna deceived Bouvier. *See Joseph*, 309 S.W.3d at 25. Considering the totality of the circumstances surrounding the interrogation, the trial court's findings are amply supported. Donna orally read Bouvier all the required warnings, gave Bouvier the opportunity to read the warnings himself, and asked Bouvier twice whether he understood. Bouvier nodded positively and then explicitly stated that he understood. Thus, Donna ensured Bouvier understood that he has a right to remain silent, that any statement that he makes can be used against him in a court of law, that he could wait to have an attorney present, and that he can terminate the interview at any time. Furthermore, despite Bouvier's repeated interruptions, Donna insisted that Bouvier clearly state

---

[2] Furthermore, because we conclude there was no coercive police activity, Bouvier's statements to Donna were not involuntary under *Miranda* or the Due Process Clause. *See Oursbourn*, 259 S.W.3d at 169–70; *id.* at 171 ("[D]ue-process and *Miranda* claims of involuntariness generally do not require 'sweeping inquiries into the state of mind of a criminal defendant who has confessed'" because they "involve an objective assessment of police behavior" whereas the Constitution "leaves voluntariness claims based on the defendant's state of mind 'to be resolved by state laws governing the admission of evidence.'") (quoting *Colorado v. Connelly*, 479 U.S. 157, 167 (1986)).

whether he was willing to speak with Donna about what happened before questioning him. Bouvier then said twice that he was willing.

This evidence also satisfies the second part of the inquiry: it shows Bouvier's waiver was "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Berghuis*, 560 U.S. at 382–83 (citation omitted); *Joseph*, 309 S.W.3d at 25. The evidence supports the trial court's findings that Bouvier had "a sufficient level of comprehension of his legal rights," and he made an intelligent, voluntary, "free and deliberate choice" to waive them. Likewise, the evidence supports the trial court's finding that Bouvier "was trying to assist and explain to the investigator what he believed had occurred." Bouvier exhibited eagerness to share his side of the story throughout the interview. Just as Donna was not required to orally use the word "waive," neither was Bouvier for his waiver to be valid: its validness can be inferred from Bouvier's actions and words. *See Joseph*, 309 S.W.3d at 24–25.

Affording almost total deference to the trial court's determination of historical facts and to mixed questions of law and fact that turn on an evaluation of credibility and demeanor, we cannot conclude Bouvier's waiver was invalid. *See Amador*, 221 S.W.3d at 673. Bouvier's statements to Donna were "freely and voluntarily made without compulsion or persuasion." TEX. CODE. CRIM. PROC. art. 38.21. He "knowingly, intelligently, and voluntarily" waived his rights. *Id.* art. 38.22, §§ 3(a)(2), 6. Therefore, the trial court did not err by denying his motion to suppress his statements. Bouvier's third issue is overruled.[3]

---

[3] On appeal, Bouvier also argues the trial court erred in denying the motion to suppress because, before he received his *Miranda* warnings and waived his rights, Bouvier unilaterally made incriminating statements to Donna without any prompting or questioning from Donna, interrupting Donna as he attempted to explain the situation and give Bouvier his warnings. But Bouvier failed to preserve this argument. His written motion to suppress does not reference Bouvier's pre-*Miranda* statements, and at the two-day hearing on the motion to suppress, Bouvier did not ever raise the argument that his pre-*Miranda* statements should be suppressed, focusing instead on whether Bouvier validly waived his rights. Bouvier also did not allege to the trial court that Donna deliberately employed a "two-step" interrogation technique of first obtaining pre-*Miranda* statements before giving Bouvier his warnings, which would violate *Missouri v. Seibert*, 542 U.S. 600, 611 (2004). *See Carter*, 309 S.W.3d at 32 (adopting Justice Kennedy's

**LACK OF JURY INSTRUCTION ON WHETHER STATEMENTS WERE MADE VOLUNTARILY**

In his final issue, Bouvier argues the trial court erred by not providing a jury instruction on whether his custodial statements to Donna were made voluntarily. Bouvier argues that a voluntariness instruction was required under sections 6 and 7 of Article 38.22 and that he was harmed by the trial court's failure to give such an instruction. *See* TEX. CODE. CRIM. PROC. art. 38.22, §§ 6, 7.

**A. Standard of Review and Applicable Law**

The trial court's ruling on the motion to suppress and its determination not to instruct the jury are separate issues. *See Vasquez v. State*, 179 S.W.3d 646, 657 (Tex. App.—Austin 2005), aff'd 225 S.W.3d 541 (Tex. Crim. App. 2007) (upholding trial court's determination that confession was voluntary but reversing conviction for failure to submit voluntariness issue to jury).

Appellate courts review a claim of charge error through a two-step process: first determining whether jury charge error exists and then conducting a harm analysis if error is found to exist. *See, e.g., Lozano v. State*, 636 S.W.3d 25, 29 (Tex. Crim. App. 2021). Article 38.22 "sets out rules governing the admissibility of an accused's written and oral statements that are the product of custodial interrogation" and the rules regarding a voluntariness jury instruction. *Oursbourn*, 259 S.W.3d at 171. Section 6 of Article 38.22 states in part:

> In all cases ***where a question is raised*** as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made,

---

concurrence in *Seibert*). Because Bouvier failed to preserve any argument regarding his pre-*Miranda* statements, we may not consider for the first time on appeal whether any pre-*Miranda* statements should have been suppressed. *See* TEX. R. APP. P. 33.1; *Vasquez v. State*, 483 S.W.3d 550, 557 (Tex. Crim. App. 2016) (Because "[a]ppellant failed to properly preserve his two-step interrogation complaint for appeal . . . we may not determine whether a two-step interrogation technique was deliberately employed or whether appellant was harmed by the admission of his recorded confession on the ground that it was obtained as a result of a two-step interrogation.").

along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause. Such order shall not be exhibited to the jury nor the finding thereof made known to the jury in any manner. Upon the finding by the judge as a matter of law and fact that the statement was voluntarily made, evidence pertaining to such matter may be submitted to the jury **and it shall be instructed** that unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof.

TEX. CODE. CRIM. PROC. art. 38.22, § 6 (emphasis added). A "question is raised" under section 6 as follows:

(1) a party notifies the trial judge that there is an issue about the voluntariness of the confession (or the trial judge raises the issue on his own); (2) the trial judge holds a hearing outside the presence of the jury; (3) the trial judge decides whether the confession was voluntary; (4) if the trial judge decides that the confession was voluntary, it will be admitted, and a party may offer evidence before the jury suggesting that the confession was not in fact voluntary; (5) if such evidence is offered before the jury, the trial judge shall give the jury a voluntariness instruction.

*Oursbourn*, 259 S.W.3d at 175 (footnote omitted). "It is only after the trial judge is notified of the voluntariness issue (or raises it on his own) that a chain of other requirements comes into play, culminating in the defendant's right to a jury instruction." *Id.* Section 6 requires that "voluntariness be litigated in some manner before a jury instruction becomes necessary" and becomes the "law applicable to the case" under *Posey v. State* 966 S.W.2d 57, 60 (Tex. Crim. App. 1998). *Oursbourn*, 259 S.W.3d at 176, 175. If "no reasonable jury could find that the facts, disputed or undisputed, rendered [a defendant] unable to make a voluntary statement," then a defendant is not entitled to an Article 38.22, section 6 voluntariness instruction. *Estrada v. State*, 313 S.W.3d 274, 300 (Tex. Crim. App. 2010) (quoting *Oursbourn*, 259 S.W.3d at 176).

The purpose of section 7 of Article 38.22 is "to authorize and require jury instructions regarding the warnings and safeguards for written and oral statements outlined in Article 38.22, § 2 & § 3." *Oursbourn*, 259 S.W.3d at 175. Section 7 states: "When the issue is raised by the evidence, the trial judge shall appropriately instruct the jury, generally, on the law pertaining to

such statement." TEX. CODE. CRIM. PROC. art. 38.22, § 7. The phrase "the issue" refers to compliance with the statutory warnings set out in sections 2 and 3 of Article 38.22 and the voluntariness of the defendant's waiver of the rights. *Oursbourn*, 259 S.W.3d at 176. For the issue to be "raised by the evidence" there must be "a genuine factual dispute." *Id.*; *see Ramjattansingh v. State*, 587 S.W.3d 141, 155 (Tex. App.—Houston [1st Dist.] 2019, no pet.).

If the defendant never presents a proposed jury instruction or fails to object to the lack of one, any potential error in the charge is reviewed only for "egregious harm" under *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985). *Oursbourn*, 259 S.W.3d at 174; *see Lozano*, 636 S.W.3d at 29; *Estrada*, 313 S.W.3d at 299. "Egregious harm is a difficult standard to meet." *Sandoval v. State*, 665 S.W.3d 496, 528 (Tex. Crim. App. 2022) (quoting *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016)). "To determine if the jury charge egregiously harmed the defendant, we examine the record as a whole, including the entire jury charge, the evidence, the contested issues, and the arguments of counsel, and anything else in the record that informs our analysis." *Lozano*, 636 S.W.3d at 29. "Egregious harm exists if the error affects the very basis of the defendant's case, deprives him of a valuable right, or vitally affects a defensive theory." *Id.* To determine whether there was egregious harm, we consider the impact of the omission of the voluntariness instruction, not the impact of the admission of the statement itself. *See Oursbourn*, 259 S.W.3d at 182 n.89; *see, e.g., Paz v. State*, 548 S.W.3d 778, 793 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd). For a showing of egregious harm, "[t]he record must bear out that Appellant suffered actual harm, not theoretical harm, and neither party has burden to show harm." *Lozano*, 636 S.W.3d at 29; *see, e.g., Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013).

### B. Application

Bouvier asserts the trial court erred by failing to provide the jury a voluntariness instruction under section 6 or 7 of Article 38.22.[4] But Bouvier did not request any such voluntariness instruction. Assuming without deciding that Bouvier was entitled to a jury instruction under sections 6 and 7, the question remains if the trial court's failure to so instruct caused Bouvier "egregious harm." *Oursbourn*, 259 S.W.3d at 174; *see Lozano*, 636 S.W.3d at 29. As set forth below, the record does not show egregious harm, so there is no reversible error.[5]

Here, we do not consider the impact of the admission of Bouvier's confession to Donna; instead, we consider only the impact of the omission of the voluntariness instruction. *See Oursbourn*, 259 S.W.3d at 182 n.89; *Paz*, 548 S.W.3d at 793. Even if the jury had received a voluntariness instruction, and even if the jury then chose to disregard Bouvier's pre-trial confession to Donna, the record still includes Bouvier's confession at trial that he engaged in the sexual act with the child and filmed it on his phone. It further includes the sexually explicit video entered into evidence and viewed by the jury. And it includes the testimony of Bouvier's wife that she knows Bouvier is the man in the video because she has been married to him for over fifteen years and she recognized his penis and voice in the video. The record also includes his wife's testimony that after discovering the video, she spoke with the child victim, who made an outcry to her that Bouvier had sexually assaulted her two prior times. Given the weight of this probative evidence, "[a]ny conclusion that the omission of a [voluntariness] instruction influenced jurors is

---

[4] Bouvier also asserts he was entitled to a jury instruction under the Article 38.23 exclusionary rule. *See* TEX. CODE CRIM. PRO. art. 38.23. He was not. Such an instruction is only required when there is an affirmatively contested genuine issue of fact material to whether "an officer use[d] inherently coercive practices like those set out in [*Connelly*, 479 U.S. at 164 & n. 1]," which is not present here for the reasons set forth *supra. Oursbourn*, 259 S.W.3d at 177–78.

[5] Because we conclude the record does not show egregious harm, we need not decide if instructions under sections 6 or 7 were indeed required. *See* TEX. R. APP. P. 47.1.

speculative" at best. *Ramjattansingh*, 587 S.W.3d at 157 (finding no reversible error even under the "some harm" standard).

On this record, we cannot conclude that the trial court's failure to provide a voluntariness instruction to the jury caused Bouvier actual harm, affected the very basis of his case, deprived him of a valuable right, or vitally affected a defensive theory. *See Lozano*, 636 S.W.3d at 29; *Reeves*, 420 S.W.3d at 816; *Oursbourn*, 259 S.W.3d at 182 n.89. Because we cannot conclude Bouvier suffered egregious harm, we overrule his fourth issue.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment of conviction.

Lori Massey Brissette, Justice

DO NOT PUBLISH